### L. F. ROBBINS v. THE STATE.

No. 245.     Decided December 15, 1909.

**Occupation Tax—Engaging in Business—Occupation.**

Where, upon trial of a violation of failing to pay occupation tax on a flying-jenny, the evidence showed that the defendant ran said flying-jenny for hire and profit, as a means of livelihood and gain; that he had provided himself with the equipment necessary to conduct the business, and to some extent indicated

a definite purpose to follow the business, he was subject to the occupation tax, and there was no error.

Appeal from the County Court of Sabine. Tried below before the Hon. J. H. McGown.

Appeal from a conviction of unlawfully pursuing the occupation of running a flying jenny; penalty, a fine of $22.50.

The opinion states the case.

*Davis & Davis,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a judgment of conviction had in the County Court of Sabine County on August 17, of this year, wherein appellant was convicted on a charge of unlawfully engaging in and pursuing the occupation of keeping and using for profit a flying jenny, said occupation being one taxed by law.

The evidence shows that appellant was a farmer who lived in San Augustine County, and that on one day, to wit: the 3d day of July, 1909, in Sabine County, he ran said flying jenny for profit and hire.

Appellant relies, in support of his appeal, upon the cases of Love v. State, 31 Texas Crim. Rep., 469, and Standford v. State, 16 Texas Crim. App., 331. These cases are cited with approval in the recent case of Cohen v. State, 53 Texas Crim. Rep., 422, 110 S. W. Rep., 606. They are, however, we think, readily distinguishable from the case here. In this case, that appellant did run the flying jenny for hire and profit is undoubted; that he was, as a means of livelihood and for a gain, engaged in the business, all the testimony shows. He had provided himself with the equipment necessary to conduct the business which, from its character, was somewhat expensive, and to some extent indicated a definite purpose to follow the business, not wholly as an incident of his life. In the case of Stanford v. State, supra, this court said: " 'Occupation' as used in this statute, and as understood commonly, would signify vocation, calling, trade; the business which one principally engages in to procure a living or obtain wealth. It is not the sale of the liquor that constitutes this offense. It is the engaging in the business of selling without paying the occupation tax. It does not require even a single sale to constitute the offense, for a person may engage in the business without succeeding in it even to the extent of one sale. So, on the other hand, a person may make occasional sales of liquor without pursuing or following, or intending to pursue or follow, the occupation of selling liquor." We think in this case, in view of the nature of the business,

the preparation required to be made for it, and under all the circumstances the court was, under the facts contained in the record, justified in holding appellant was engaged in the business as charged.

Finding no error in the judgment of the court below, it is hereby in all things affirmed.

*Affirmed.*