Ray Kennedy v. The State.

No. 33.    Decided April 6, 1910.

**1.—Occupation Tax—Dog Fight—Levy of Tax.**

Where, upon appeal from conviction of failure to pay occupation tax on a dog fight, the record showed that there was sufficient proof of the levy of the occupation tax, there was no error.

**2.—Same—Pursuing Occupation—Definition.**

Upon trial of unlawfully pursuing the occupation of bringing off a fight between dogs, there was no error in the court's failure to define said occupation. Following Robbins v. State, 57 Texas Crim. Rep., 8; 123 S. W. Rep., 695.

**3.—Same—Information.**

Upon trial for failing to pay the occupation tax on a dog fight where the information followed the language of the statute, the same was sufficient.

**4.—Same—Insufficiency of the Evidence.**

Where, upon trial for unlawfully failing to pay the occupation tax on a dog fight, the evidence failed to show that the defendant knew that the tax levied by law had not in fact been paid, or that he had any relation as proprietor, promoter, or principal in fact in the transaction from which a knowledge of such nonpayment could be inferred, the conviction could not be sustained.

Appeal from the County Court of Orange. Tried below before the Hon. W. J. Wingate.

Appeal from a conviction of failing to pay occupation tax on a dog fight; penalty, a fine of $750.

The opinion states the case.

*Adams & Huggins,* for appellant.—On court's failure to give defi-

nition of offense: 21 A. & E. Ency. Law, 2d ed., 769; Love v. State, 31 Texas Crim. Rep., 469, 20 S. W. Rep., 978; Norris v. State, 13 Texas Crim. App., 33; Halfin v. State, 18 Texas Crim. App., 410; McReynolds v. State, 26 Texas Crim. App., 372; Wells v. State, 18 Texas Crim. App., 417.

On court's failure to submit the levy of tax: Archer v. State, 9 Texas Crim. App., 78; Powell v. State, 7 Texas Crim. App., 467.

*F. J. McCord,* Assistant Attorney-General, and *S. W. Sholars, Jr.,* and *J. B. Bisland,* for the State.

RAMSEY, JUDGE.—This case was filed in this court some three years ago, but in some unaccountable way the record became misplaced and a duplicate of the original record was filed herein only recently. This will account for the delay in the disposition of the case. By information filed in the County Court of Orange County on the 31st day of December, 1906, appellant was charged with unlawfully engaging in, following and pursuing the occupation of bringing off a fight between dogs and dogs, which said occupation was then and there made taxable and was taxed by law, without first having paid the taxes due the State. There are a great many questions in the case, most of which have been well briefed by able counsel on both sides.

1. Among other questions raised in the record is that there was no sufficient proof of the levy of occupation taxes in Orange County on this occupation. We think under the authority of Wade v. State, 22 Texas Crim. App., 629, this contention can not be sustained. The facts in the case at bar are almost identical with those reported in the Wade case.

2. Nor do we think under the facts of this case that the court erred in refusing to define in the terms requested what was meant by engaging in, following and pursuing the occupation of bringing off a fight between dogs. We think under the rule laid down in Robbins v. State, 57 Texas Crim. Rep., 8, 123 S. W. Rep., 695, that this was unnecessary.

3. It is objected again that the information is insufficient. The information follows quite closely the language of article 112 of the Penal Code, applying the facts to the occupation levying it on this particular matter taxed.

4. We have concluded, however, after a most careful review of the facts that there is no evidence from which the jury could in fairness have drawn a conclusion that appellant had violated the law. The facts, in brief, are that there was a fight between dogs arranged and brought off by someone in Orange County about the date named which seems to have been right generally attended. It is shown that an occupation tax had been levied on this business, and further that no such tax had been paid. Aside from this, the only evidence of the State

was produced through two witnesses. Mr. Prather testified that he neither saw the fight or knew who got it up, but that about the time it was pulled off a man named Scott telephoned him from Port Arthur asking that he, Prather, have livery teams at the depot to receive about fifty passengers; that he sent his carriages there, but does not know where they went to, and that afterwards appellant paid him for the hire of said livery rigs. A man by the name of Bryant also testified that he saw appellant with many others at the dog fight and that appellant was on the ferryboat at Colliers Ferry, selling tickets; that he did not know what the tickets were for or what was on them; that appellant gave him, Bryant, a ticket, which ticket was taken up on the boat by a man he did not know; that during the fight appellant, witness and many others got inside of the ring. There was no evidence what the tickets were for, who the tickets belonged to, or who received the price paid for same, except and unless this fact may be inferred from the matters above stated; there was no proof that appellant arranged the fight, owned the dogs or had the care, custody, control or management of them, or was in any wise responsible for the fight, its arrangement or management, and no evidence that appellant assumed control of or attempted to control said fight or any part thereof, or that he assumed or undertook to control or the management of the fight. It was further objected that the verdict was unsupported by the evidence in that there was no evidence that a performance was given within the meaning of the statute, that is, that it was given for pay and profit or that any admission fee was charged to see such performance, or if so, that appellant was in any manner interested therein. To this suggestion counsel for the State make the following reply:

"An offense was committed in Orange County on December 30, 1906, and appellant was present and acting with others in the commission of the offense. He was selling tickets, allowing those that held them to see the dog fight, thus showing his connection with the exhibition. Now, by way of illustration: say a wax-works exhibition is opened up in some room without payment of the tax, and we find 'A' selling tickets that admit visitors to the exhibition, and that he is the only one that the State can learn is connected with the exhibition. An information is filed against him, and full proof is made that the exhibition was held without payment of the tax, and that 'A' was at the door selling and giving admission tickets to the show. 'A' certainly knows who is giving the show (if not himself); he knows (if not himself) who employed him as box-office man. He knows to whom he turns over the gate fees, if he turns them over to anyone. All of which is defensive matter. Appellant fails to speak through a single witness. This being a misdemeanor case, the rule of 'Old Dog Tray' controls." The State's case is thus put in homely but quite vigorous fashion. We think the weakness of the argument is, however, that there is absolutely no evidence to show, if it be conceded that appellant was in any wise connected with the fight, as agent or em-

ploye; that he knew that the tax levied by law had not in fact been paid; there is no evidence, as stated, that he had any relation as proprietor, promoter, or principal in fact in the transaction from which knowledge of such nonpayment would be inferred. The evidence merely shows that he was selling tickets that might have had some relation to the fight and that after it was all over appellant paid the livery bills incurred by Scott. While we can well understand that under the rule laid down in Houston v. State, 13 Texas Crim. App., 595, in a case like this he might, on proof of these facts, be charged as a principal, if the basic fact were shown that he knew at the time that the law was being violated and the tax levied had not been paid, we think it is impossible on any sound basis to build one presumption upon another and that fairly construed there was no legal evidence before the jury from which to base the finding of guilt, however probable in fact appellant's guilt may be.

For the reasons stated it is ordered that the judgment of conviction be and the same is hereby reversed and the cause remanded.

*Reversed and remanded.*

(McCord, Judge, disqualified.)