### HENRY SWEAT V. THE STATE.

No. 18727. Delivered January 20 1937.
Rehearing Denied March 10, 1937.

The opinion states the case.

*Charles Clements*, of Plainview, and *E. A. Bills*, of Littlefield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary of a private residence; the punishment, confinement in the penitentiary for five years.

On the night of the 6th of April, 1935, the private residence of Homer Rook was burglarized and a gun taken therefrom. The following day, according to the testimony of the State, Mr. Rook and Edgar Pugh went to the home of appellant and talked to him about the burglary. At first appellant stated to them that he did not know anything about the transaction. Pugh testified that he and appellant then went into another room, and, in the absence of Mr. Rook, appellant stated to him that the gun was in an old Essex car near the railroad track. However, appellant did not admit to Pugh that he had committed the burglary. Leaving appellant, Mr. Rook and Pugh went to the point indicated by appellant and found the gun. It is inferable from the record that the Essex car in which the weapon was found was wrecked and had been abandoned. At all events, it was not shown that said car belonged to appellant. Immediately after the gun had been discovered the sheriff went to appellant's home but could not find him. Three or four hours later he discovered appellant in the attic of a house about eighteen miles from appellant's home. Mr. Rook testified that after the commission of the offense appellant approached him and asked him what he would "take to call it off and let it go." Pugh testified that after a charge of burglary had been lodged against appellant, appellant offered to pay him twenty-five dollars to absent himself from the county. It appears that appellant had worked for Mr. Rook prior to the time the burglary was committed and knew that Mr. Rook owned the gun in question. Appellant's said employment had ceased about two days prior to the commission of the burglary.

Appellant did not testify, but introduced witnesses whose testimony raised the issue of alibi.

The evidence is deemed sufficient to support the judgment of conviction.

The only bill of exception found in the record relates to the action of the trial court in permitting the district attorney to elicit from appellant's witness Homer English testimony to the effect that on the 24th of August, 1934, the witness had been convicted of misdemeaner swindling. When the impeaching testimony is not too remote a witness may be impeached by the adverse party by proving by the witness on cross-exam-

ination that he had been indicted or convicted or that he was then under indictment for a felony or for a misdemeanor, involving moral turpitude. Branch's Annotated Penal Code, sec. 167. Swindling is an offense involving moral turpitude. Hence appellant's objection to the testimony was properly overruled. White v. State, 135 S. W., 562.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes no complaint of our disposition of his single bill of exceptions in our original opinion, but here urges again that the evidence is not sufficient to support the judgment. In the light of his motion, we have again gone over the facts. Appellant had been employed at the home of Rook, prosecuting witness, and was familiar with the house and its contents. His employment ceased a short time before this alleged burglary. There is no question but that some one broke and entered the house in question on the night of April 6th. Mr. Rook and his family, included his hired man Pugh, had gone to town some four miles away. When they got ready to come back, Pugh informed Mr. Rook that he would stay in town and attend a dance. The Rook family went on home. When they got there they found that the house had been entered, but did not discover that a shot gun had been stolen until the next morning. Immediately upon discovery of its loss, Mr. Rook testified that he thought he knew who had it, and he took Pugh, his hired man, and they went to appellant's home. Rook says appellant "Hummed and hawed around" and would neither admit nor deny anything, but finally said he wanted to talk to Pugh, which he did. When Pugh came back he told Mr. Rook he knew where the gun was, and went with him a short distance away to where an old car body was sitting, in which the shot gun was found. It is in evidence that appellant fled from his home that day, and was found by the sheriff eighteen miles away and in the attic of a house. Appellant tried to induce Pugh to leave and not appear, and offered to pay him. Appellant tried to find out from Rook what

he would take to drop the prosecution. We can not agree with appellant that the evidence is not sufficient.

The motion for rehearing is overruled.

*Overruled.*