# JANUARY 19, 1938

## PEDRO ARAMBULA V. THE STATE.

No. 19322.   Delivered January 19, 1938.

The opinion states the case.

*W. W. Tupper,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The conviction was for assault with intent to murder, and the punishment assessed at four years in the penitentiary.

It appears that appellant was charged with acting with his brother Antonio Arambula in making an assault with a knife on one Enrique Fitchett, and therewith inflicting certain injuries on said Fitchett.

The appellant complains in bill of exceptions No. 1 of the trial court's allowing the introduction of certain testimony as to previous convictions of the appellant for the offense of theft. As we understand the law, when the defendant takes the witness stand, as he did in this instance, testimony of recent convictions for offenses involving moral turpitude are admissible as affecting the credibility of the witness. The crime of theft surely involves moral turpitude, and we see no error in the admission of such testimony.

Bill of exceptions No. 2 is incomplete in that it complains of the testimony of Dr. Aubrey Lewis for the reasons that said testimony was not positive testimony, and in fact was merely conjectural testimony on the part of the said witness; that said testimony was highly spectacular and was prejudicial to this defendant's rights. Nowhere therein is there set forth what said testimony was, nor what portion of said witness' testimony was thus objected to, nor in what way the same prejudiced the defendant's rights. We see no error shown in such bill.

Bill of exceptions No. 3 complains of the prosecuting witness' statement, while on the stand, in an endeavor to describe a certain knife over which he contended the difficulty occurred, as a knife that he took away from defendant because "he (the defendant) wanted to cut Chino." While the statement had probably no bearing on the case, nevertheless we are constrained to say that it was only used for the purpose of identification of a certain knife, and no serious error was committed in allowing such statement to be made.

Bill of exceptions No. 4 complains of the trial court allowing the prosecuting witness to exhibit the wounds on his body before the jury, among other reasons, because the undisputed evidence showed that appellant's brother Antonio Arambula had himself inflicted part of the wounds at least. We can see no sound reason why all of the acts of Antonio, at the time of the actual assault, should not be introducible in evidence. Both brothers were charged with acting together in such assault in the same indictment, and under the testimony they were both present and engaged in the same transaction. There was no error in the trial court's ruling.

Appellant's bill of exceptions No. 5 is an endeavor to bring before the court certain newly discovered evidence of Philo Mano who would testify that the prosecuting witness had had a fight with some person just before the difficulty herein inquired about, and that such witness was in a vicious and drunken mood, "and had a plan or scheme in his mind to create trouble with anybody and every one he met." This bill is incomplete in that no affidavit of the new witness is shown, no testimony relative thereto appears anywhere in the record, and no further reason is given save and except the appellant makes affidavit that if given a new trial the jury might well believe that the prosecuting witness was the attacker and not the attacked. No diligence is alleged nor shown why this testimony was not available in the trial of this cause.

We have found no error, on the part of the trial court, in the record, and this cause is affirmed.

*Affirmed.*