J. M. JOHNSON V. THE STATE.

No. 20701. Delivered February 7, 1940.

The opinion states the case.

*W. R. Petty,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for pursuing the occupation of a pawnbroker without having paid the taxes due the State, and without obtaining a license to pursue said occupation, punishment being a fine of $150.00.

Article 6146 R. C. S. defines a pawnbroker as "one who pursues the business of lending money upon interest and receiving upon deposit any personal property as security for the payment of such loan and interest."

Article 7047, subdivision 13 R. C. S., levies an annual state tax of $150.00 upon "pawnbrokers." Article 121 P. C. provides as follows: "Whoever shall pursue or follow any occupation, calling or profession, or do any act taxed by law, without first obtaining a license therefor, shall be fined not less than the amount of the taxes due and not more than double that sum." The present prosecution is predicated upon the statutes mentioned.

Appellant challenges the sufficiency of the evidence to support the conviction, and our State's Attorney admits in his brief that such contention presents quite a troublesome question. The word "occupation" as used in the statutes under consideration means a vocation, trade, or business in which one principally engages to make a living or obtain wealth. Robbins v. State, 57 Tex. Cr. R. 462, 123 S. W. 695; Love v.

State, 31 Tex. Cr. R. 469, 20 S. W. 978. The tax being levied 'annually,' the inquiry particularly pertinent would be as to the business of accused during the current year. Only two transactions occuring within the period of a year were shown by the State which might support the contention that appellant loaned money on collateral personal security. It was appellant's contention that he was a jeweler, and that he bought outright jewelry, and other articles, and supported such contention by exhibiting a bill of sale to the property involved in one of the transactions mentioned. It was admitted on the trial that appellant had not complied with any of the requirements prescribed by Title 107 R. C. S., relating to pawnbrokers.

The State proved over appellant's objection another transaction which occurred about seven years prior to the present prosecution. This was objected to as too remote and it is conceded by the State's Attorney—and we agree with him—that this evidence was too remote and should have been excluded.

The nearest illustration in the way of precedents are found under a statute enacted by the Legislature in 1909 whereby it was made a penitentiary offense for a person to "engage in or pursue the *occupation* or *business* of selling intoxicating liquor" in an area in which local option had been adopted. By the same Act of the Legislature it was provided that "in order to constitute the *engaging* in or *pursuing* the *occupation* or *business* of selling intoxicating liquors within the meaning of this law, it shall be necessary for the State to prove in all prosecutions hereunder, that the defendant made at least two sales of intoxicating liquors within three years next preceding the filing of the indictment."

Under the provisions of the last above quoted statute it was sought to have the law so construed that if the State had shown two sales of intoxicating liquor within the time mentioned it was sufficient to support a conviction upon a charge that the accused was engaged in the business of selling intoxicating liquor in dry territory. This court consistently refused to give the law any such construction, but on the other hand, held that if the State's evidence showed only two or more isolated sales it was not sufficient to support a conviction upon a charge that accused was engaged in the business mentioned. See Thomas v. State, 66 Tex. Cr. R. 374, 147 S. W. 262; Floyd v. State, 66 Tex. Cr. R. 407, 147 S. W. 264; Whitehead v. State, 66 Tex. Cr. R. 482, 147 S. W. 583; Oliver v. State, 68 Tex. Cr. R. 414, 152 S. W. 1066.

Under the authorities cited it follows that the present con-

viction can not be sustained against the contention that the evidence is insufficient.

Appellant raises some question regarding the sufficiency of the indictment. We discover no merit in this criticism.

The judgment is reversed and the cause remanded.