JIM T. CARTER V. THE STATE.

No. 23792. Delivered June 28, 1947.

*Ruben Loftin,* of Graham, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of swindling by means of a check and was given a two years' sentence in the penitentiary.

The facts show that on September 29, 1946, he gave a check for $50.00 to Orville Keith and received the sum of $50.00 in money therefor; that upon presentation to the bank upon which such check was drawn same was not paid on account of insufficient funds.

The giving of other checks at about the same time was shown, all of such other checks also being refused payment at the bank upon which they were drawn on account of insufficient funds.

Appellant pleaded not guilty and offered the defense of insanity. The insanity defense was raised primarily by means of an adjudication of insanity in the County Court of Young County on July 17, 1941. Testimony was heard relative to appellant's present insanity and the careful trial judge charged the jury that from and after the entry of this judgment of insanity, appellant was presumed to be insane and the burden of proof was upon the State to show his sanity at the time of the commission of this offense as well as at the time of trial.

Bills of Exception Nos. 1, 2, 3, 4, and 5 relate to a request of appellant's attorney that the voir dire examination of the prospective jurors be taken outside the presence of the other

members of the jury panel. This the trial judge refused to do, and in each instance his action is complained of in said bill. We can see no error evidenced in the examination of such jurors. For instance, one juror said he knew appellant and his mother and therefore felt that he would not be an impartial juror. The juror was then excused by the court. Another juror stated that he was opposed to the giving of "hot checks". He was also excused for cause. It seems that all these bills were based upon a fear on the part of appellant's attorney that in the questioning of these jurors some of them would make remarks that would result in prejudicing appellant's defense before the jury. It is not shown in said bills, however, that any injury resulted to the appellant nor that he exhausted his challenges and was forced to take any objectionable juror.

Bill No. 6 relates to the fact of the trial court allowing the State to reopen its case after it had announced that the State rested. This is permitted under Art. 643, C. C. P., and is a matter governed by the sound discretion of the court.

Bill No. 7 is defective in that same does not show what the expected answer of the witness would have been. It merely complains because the trial court refused to allow appellant's attorney to ask Orville Keith whether or not appellant made any false representation or used any devices or pretenses at the time he cashed such check.

Bill No. 8, as qualified, shows that appellant made no objection to the evidence set forth therein and therefore shows no error.

Bills Nos. 9 and 10 are overruled. These and other bills complain because the trial court again allowed the State to reopen its case and introduce certain testimony. Much of such testimony was in rebuttal and under Art. 643, supra, we think such matters were within the trial court's discretion.

Appellant complains because of the following: It was shown by proof that appellant obtained this $50.00 from Mr. Keith on September 29, 1946, which was on Sunday; that on Monday, September 30, 1946, appellant's account at the bank on which this check was drawn showed a balance of $59.00; that the State then showed by evidence that appellant had given other checks to Mr. Keith at about the same time as follows: one for the sum of $22.22 on September 25, 1946; another for the sum of $17.46 on September 26, 1946; another for the sum of

$27.66 on September 27, 1946, all on this same bank, as well as a further check to a different party on September 28, 1946, for $6.90 on the same bank. The basis of the complaint in Bill No. 18 is that the court in its charge limited this testimony alone to the question of whether appellant had sufficient funds in the bank at the time the check for $50.00 would arrive thereat in the due course of business. We think the court was correct in thus limiting such testimony, although same could have been utilized to show intent. Probably the trial court had in mind appellant's objection to the charge in which he objected thereto for a failure to thus limit this testimony. Evidently the trial court acted in response to such objection.

Appellant complains in Bill of Exception No. 20 of a remark of the District Attorney wherein said attorney in his closing argument to the jury said: "Gentlemen of the Jury, in my opinion this man is guilty", at which time he was interrupted by appellant's attorney who objected to the argument, and the trial court sustained such objection and instructed the jury to disregard the same, whereupon the District Attorney said: "Your Honor, I am basing my argument upon the evidence." He then turned to the jury and said: "Gentlemen of the jury, I do not want you to be governed by any opinion that I might have, but you should be governed by the evidence that you have heard from the witness stand and nothing else."

We see no error reflected by the bill.

Under the facts here shown, this check was given on Sunday, September 29, 1946, but was dated September 30, 1946, which was the following Monday. Appellant contends that because of the fact that such check was dated the day following its delivery, same was a promise to do something in the future and not a representation of a present fact that such check would be paid in the due course of reaching the bank upon which it was drawn, but that same was only a representation that he would pay such check on a future date, that is, on the next day, Monday, September 30, 1946.

In 39 Tex. Jur., p. 1058, sec. 7, it is said:

"While a mere false promise to do something in the future is not within the statute, a false promise of future performance, when coupled with a false statement as to a past or existing fact, will support a charge for swindling."

This text is supported by many authorities and also finds support in the late case of McCuistion v. State, 158 S. W. (2d) 527.

We have been unable to find any parallel case in Texas holding that a postdated check can be made the basis of an accusation for swindling. However, we do find in 35 Corpus Juris Secundum, p. 662, the following statement: "Some authorities hold that the fact that a worthless check is postdated does not protect defendant", citing decisions of the courts of Arkansas, California, Illinois, Kansas, Missouri and Nebraska. The text proceeds, however, and gives other decisions which hold to the contrary, chiefly upon the ground that the very fact of post-dating is notice to the person swindled that sufficient funds are not present in the bank at the moment of the giving of the check.

In the case of State v. Cooper, 151 N. W. 835, (838) the Supreme Court of Iowa said:

"We are unable to see how the fact that the check was dated ahead one day is material under the facts of this case. As already stated, defendant did not have money at the bank, either on the 10th or the 11th, or at any other time, and there is nothing to show that he expected the bank would pay it. The representation was that at the time the check was cashed he had the money in the bank, not that he would have at a future date. Defendant did not, at the time the representation was made, promise to pay the check at his office, nor was there any statement that he might not have money enough in the bank to pay the check. Dating it ahead was not a mere promise, and the jury may well have found that the whole transaction was a device to cheat. The decision is based upon the fact that false representations were made when the check was delivered."

Again, in State v. Doudna, 284 N. W. 113, the same court said:

"In the case at bar the evidence shows that the check, Ex. '1', was issued on November 27, after banking hours, and was dated November 28, the reason given by appellant being that it was after banking hours on the 27th, and too late to. cash it that day. This statement, under the circumstances, was sufficient to negative the inference that the check was not then good because it was post-dated."

See also State v. Taylor, 73 S. W. (2d) 378, decided by the Supreme Court of Missouri.

Under the proof here present, it is shown that early on Sunday, September 29, 1946, appellant came to Keith's Market and told Mr. Keith that he was going to a nearby town and needed some money and requested that Keith cash a check for him. Keith replied that he did not have the money at such time but would have same at 2:00 o'clock that day. About such time appellant returned and presented the check here in question and Keith gave him $50.00 therefor. Nothing was said about the date of the check, and Keith did not notice that same was dated September 30, 1946, such being Monday, the next day. It is a matter of common knowledge that banks are not open for business on Sunday and, of course, this check could not have been presented for payment until Monday, September 30, 1946. Appellant seems to have made no mention of the date, and Keith testified that no comment was made relative thereto, it appearing not to have been noticed. If this was intentionally executed as a postdated check, such should have been shown, and we find no proof thereof. No request was made to hold such check, and no statement made as to having the money in the bank on the next day. We think this to be an ordinary check, accepted in good faith, and there was not sufficient funds in the bank upon which it was drawn to take care of the same when in due course such check would arrive at the designated bank.

All bills of exception not specifically written upon have been considered and are overruled.

Finding no error in the record, the judgment of the trial court is affirmed.