James Hubert Porter v. State

No. 28,335. June 13, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*Piranio, Piranio & Ballowe,* by *Angelo Piranio,* Dallas, for appellant.

*Henry Wade,* District Attorney, *Jack Stuart Cole* and *George P. Blackburn,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated; the punishment, thirty days in jail and a fine of $100.

The state's evidence shows that the appellant, while driving his automobile on Ross Avenue in the city of Dallas, ran into the rear of an automobile occupied by Edward E. Monteith and his companions. The accident occurred around 9:45 P.M., at the intersection of Ross Avenue and Routh Street.

Monteith testified that, at the time of the collision, he had stopped for a red light at the intersection; that after the col-

lision the appellant was very belligerent, his eyes were red and bleary, he was unsteady in his walk, his breath was "extremely alcoholic;" and that, in his opinion, the appellant was extremely intoxicated.

Three city of Dallas policemen who were dispatched to the scene after the collision, in describing the appellant's appearance and conduct, testified that his breath smelled "very strong of alcohol," his face was red and flushed, he was unsteady in his walk, and described the appellant as "very drunk" or "very intoxicated."

As a witness in his own behalf, appellant admitted driving his automobile into the rear of the Montieth car, but testified that the reason for the collision was that the car suddenly stopped when the light at the intersection was green. He further testified that he had not been drinking and, at the time of the collision, was going to his home, from his daughter's home, where he had visited and had dinner.

Appellant called as witnesses his daughter and son-in-law and the witness J. B. Hill, who testified that the appellant had been at his daughter's home from 6:30 P.M. until around 9:00 P.M. on the evening in question, and that, during such time, he had nothing to drink and was not intoxicated; that they drove with the appellant to Ross and Haskell Streets, where he let them out around 9:30 P.M., and that, at that time, appellant was not intoxicated.

The jury chose to accept the testimony of the state's witness, and we find the evidence sufficient to support their verdict.

Appellant insists that the court erred in permitting the state, on his cross-examination, to inquire of him if he was the same person who was convicted in the County Criminal Court of Dallas County in the years 1949 and 1950 for passing worthless checks in various numbered cases. Appellant's answer to each of the questions propounded was in substance that he did not know.

It is appellant's contention that the prior convictions referred to were too remote and the court should not have permitted such inquiries.

Under the record, it is shown that the prior convictions

inquired about occurred less than five years prior to February 1, 1954, the date the offense was alleged to have been committed for which the appellant was on trial. The prior convictions being within such period of time were not too remote and could be used by the state for the purpose of affecting the credibility of appellant as a witness. Lera v. State, 144 Tex. Cr. R. 619, 165 S.W. 2d 92; and Taylor v. State, (page 42 this volume), 288 S.W. 2d 516.

The case of Johnson v. State, 138 Tex. Cr. R. 370, 136 S.W. 2d 837, cited by appellant in support of his contention, is not applicable to the facts in the present case. In the Johnson case, evidence of a prior transaction which was held too remote because of the lapse of a period of about seven years was not offered for the purpose of impeachment but to show that the accused was following the occupation of a pawnbroker in a prosecution for pursuing such occupation without obtaining a license and without having paid the tax due the state.

By six formal bills of exception appellant complains of certain argument made by state's counsel.

Appellant first insists that the bills, as signed by the court without qualification, certify error.

The bills set out the argument to which objection was made and show the court's ruling thereon. In each bill there appears a statement of the appellant's contention that the argument was inflammatory, hurtful, unwarranted and unprovoked, and prejudicial to the appellant, notwithstanding the court sustained the objection and, in some instances, instructed the jury not to consider the argument.

An examination of the bills reflects that the court, in approving the same, does not certify to the truth of the contentions stated therein but merely that such are appellant's contentions. We overrule appellant's contention that the bills certify error.

The last two bills relate to argument which we find to be reasonable deductions from the evidence.

The court sustained the appellant's objection to the argument complained of in the first four bills and, when requested, instructed the jury not to consider the same. The argument, as

we view it, violated no statute and was not so manifestly improper as to make a reversal mandatory. We then must determine if the trial court abused his discretion in failing to grant a new trial. State's counsel appears to have been on the way outside the record when he said, "It is our position in the District Attorney's office after we have talked it over, and we have had plenty of time to think about it—" but appears to have been stopped just in time. Had he completed the sentence no doubt reversible error would have been reflected by what followed. We are at a loss to understand why counsel for the state will endanger an affirmance of a conviction by leaving the record in his argument. Fair play should dictate an opposite course.

We have concluded, however, in view of the punishment assessed, that the trial court did not abuse his discretion in failing to grant a new trial.

Finding no reversible error, the judgment of conviction is affirmed.

Opinion approved by the Court.