Larry MARTINI, alias Lawrence Martini,
Appellant,

v.

The STATE of Texas, Appellee.

No. 35186.

Court of Criminal Appeals of Texas.

June 26, 1963.

Rehearing Denied Oct. 16, 1963.

No attorney on appeal; Rankin, Kern, Martinez & de la Garza, by E. de la Garza II, McAllen, on rehearing, for appellant.

R. L. Lattimore, Dist. Atty., Oscar B. McInnis, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is misdemeanor swindling with a worthless check, with a prior conviction for an offense of like nature alleged for enhancement; the punishment, one and one-half years in jail and a fine of $500.00.

The witness Castillo testified that on the day in question appellant came to the filling station where he was employed, bought $2.00 worth of gasoline, and gave him a check in the sum of $20.00 and received the balance

in cash. He testified that he asked appellant if the check was good and received an affirmative reply. On cross examination, the witness admitted that he may have received the check two days before the date noted thereon but said that he paid no attention to the date appearing on the check at the time he accepted it. The date on the check, introduced in evidence, appears to have been altered, but there is no evidence as to when or by whom such alteration was made. Neither party testified as to what date the check bore at the time it was passed.

Appellant, testifying in his own behalf, admitted the prior conviction but stated that at the time he gave Castillo the check upon which this prosecution is based he told him that he had no money in the bank but would come by in a few days and pick up the check. He stated further that he did return to the filling station on two occasions in an effort to pay off the check but that Castillo was not present at the station on the first occasion and on his second visit Castillo told him that the company had deposited the check. His testimony as to the first visit was corroborated by the witness, Alejandro, who was also employed at the filling station and who stated that appellant came by, asked for Castillo, and then asked if they had a check of his and Alejandro looked in the "drawers" and could not find one.

Appellant's attorneys testified that they had a conversation with Castillo prior to the trial and that he had told them appellant had given him the check in question on Saturday and he had promised to hold it for him until Monday. The jury were told in the court's charge to acquit if they believed this defense.

It was shown that appellant had not had an account in the bank on which the check was drawn since 1957.

■ We find the evidence sufficient to support the conviction and, though no brief has been filed on behalf of appellant, we will discuss the questions raised in the record.

■ Appellant requested a charge directing an acquittal if the jury believed that the check was given on November 4 and dated November 6. Carter v. State, 150 Tex.Cr. R. 448, 203 S.W.2d 540, is authority for the denial of such a charge.

■ If in fact there is a variance between the allegation in the indictment that appellant received $2.00 worth of gasoline and the proof that he received gasoline of the value of $2.67, such is not fatal. Parker v. State, Tex.Cr.App., 342 S.W.2d 764.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

■ In his brief which has now been filed, the appellant complains of a comment made by the trial judge during a conference with the attorneys at the bench relative to a previous statement made by the prosecuting witness to an attorney for the state. The record reflects that after extended statements by the attorneys, the state's attorney said, "I would like to stipulate further that he did make a verbal complaint and oral statement on November 20th." Then the Judge said: "We have been talking about it all day." To this statement the appellant objected on the ground it was a comment on the weight of the evidence and highly inflammatory, and moved for a mistrial which was overruled. There is no showing that the jury heard said comment. An abundance of testimony was before the jury pertaining to the statement of the witness without objection. No benefit to the state is perceived in the court's remarks or injury to the appellant which would call for a reversal.

■ It is insisted that the trial court erred in admitting in evidence the fingerprints taken of the appellant in 1958, which

were marked State's Exhibit No. 7. Appellant objected on the ground that the prints were irrelevant, immaterial, and were taken at a time long prior to the commission of the offenses charged in the indictment.

The testimony shows only that the fingerprints were taken in 1958. There is no evidence of where they were taken, or that he was in custody of an officer, or that the taking had any connection with crime.

Appellant complains of the admission in evidence of State's Exhibit No. 8, which consists of fingerprint cards and photographs attached to certified copies of indictments, judgments and sentences of convictions from the records of the Texas Department of Corrections, which were admitted alone on the certification of the Record Clerk of said Department. Appellant objected thereto because he was denied the right to cross examine the person or persons connected with the production or custody of said records, and that they were hearsay.

The instruments complained of correspond with and support the prior convictions alleged for enhancement. Further, it was shown by expert testimony that the fingerprints taken from the appellant in 1958, were the same as those on the fingerprint cards included in the certified copies of the records of the Texas Department of Corrections introduced to show the alleged prior convictions.

 This manner of proof in establishing the prior convictions alleged, and that the appellant is the same person so convicted, has been approved. Appellant's contentions are overruled. Spencer v. State, 164 Tex. Cr.R. 464, 300 S.W.2d 950; Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735; Self v. State, 171 Tex.Cr.R. 222, 346 S.W.2d 850; Broussard v. State, Tex.Cr.App., 363 S.W.2d 143. However, the court submitted only one of the prior convictions alleged in its charge to the jury.

Appellant further complains of the action of the trial court in permitting the attorney for the state to prove by him on his cross-examination that he was convicted for the offense of swindling with a worthless check, June 2, 1961, in a District Court of Harris County. The prior conviction was not too remote and was for an offense involving moral turpitude, and could be used for the purpose of affecting the credibility of appellant as a witness. Sweat v. State, 132 Tex.Cr.R. 122, 102 S.W.2d 226; Porter v. State, 163 Tex.Cr.R. 485, 293 S.W.2d 667.

The other contentions of the appellant have been considered and they do not show error.

The motion for rehearing is overruled.

Opinion approved by the Court.