**AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,**

v.

**Jackie E. EVANS, Appellee.**

No. 8623.

Court of Civil Appeals of Texas, Texarkana.

Jan. 16, 1979.

Rehearing Denied Feb. 27, 1979.

G. David Westfall, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellant.

Kenneth L. Ross, Sharp, Ward, Ross & McDaniel, Longview, for appellee.

CORNELIUS, Chief Justice.

In a jury trial Jackie E. Evans recovered judgment against American Motorists Insurance Company awarding him worker's compensation benefits for total and permanent disability incurred as a result of an accident he suffered while employed by Axelson, Inc.

The questions on appeal are whether the trial court erred by refusing to permit American Motorists to prove that Evans had been convicted of a misdemeanor, and if so, was the error of such gravity as to require a reversal of the judgment.

Evans claimed that he suffered an injury to his back on the night of April 28, 1976, only a few days after he had gone to work for Axelson. No one witnessed the accident, but Evans told his foreman about it who suggested that he go to the hospital. He then drove himself to the hospital where he saw a paramedic. On the following day he was seen by the company doctor who prescribed muscle relaxants and some medicine for pain. After three or four days the doctor released Evans to return to work and he did so, but was terminated on May 13, 1976. He immediately sought and obtained unemployment compensation while continuing to apply for work at various places of employment. He ultimately sought treatment from other doctors and filed a claim for worker's compensation benefits for total and permanent disability due to the back injury.

In one of the answers to interrogatories which were introduced into evidence, Evans stated that he had never been charged with a criminal offense other than a traffic violation. To impeach Evans, American Motorists attempted to introduce the record of his misdemeanor conviction on January 30, 1975, in the County Court of Gregg County, Texas, for a violation of the Texas Unemployment Compensation Act. The specific offense was that, for the purpose of obtaining unemployment benefits, he knowingly made a statement that he had not worked or received wages for the period for which he was seeking unemployment compensation, when in truth he had worked and received wages for that period. The trial court refused to admit the proffered evidence.

Evidence of the conviction was competent and relevant and should have been admitted for impeachment purposes. A witness's prior criminal conviction is admissible as impeachment of his credibility if the offense was a felony or a misdemeanor involving moral turpitude, and the conviction is not too remote. *Landry v. Travelers Insurance Company*, 458 S.W.2d 649 (Tex. 1970); 1 McCormick & Ray, Texas Law of Evidence, Sec. 660 (Supp.1978); 62 Tex. Jur.2d, Witnesses, Sec. 279, p. 260. Criminal acts which involve intentional dishonesty for the purpose of personal gain are acts involving moral turpitude. See Words and Phrases, Moral Turpitude. Swindling, cheating and theft, including misdemeanor theft, are such offenses. See *Ka-Hugh Enterprises, Inc. v. Ft. Worth Pipe & Sup. Co.*, 524 S.W.2d 418 (Tex.Civ.App. Ft. Worth 1975, writ ref'd n. r. e.); *Patterson v. State*, 338 S.W.2d 469 (Tex.Crim.App.1960); *Lutz v. State*, 146 Tex.Cr.R. 503, 176 S.W.2d 317 (1943); *Arambula v. State*, 133 Tex.Cr.R. 474, 112 S.W.2d 737 (1938); *Sweat v. State*, 132 Tex.Cr.R. 122, 102 S.W.2d 226 (1937); *Sherman v. State*, 124 Tex Cr.R. 273, 62 S.W.2d 146 (1933); *White v. State*, 61 Tex. Cr.R. 498, 135 S.W. 562 (1911); 62 Tex. Jur.2d, Witnesses, Sec. 271, p. 243. The making of a false affidavit for the purpose of securing monetary benefits to which the claimant is not entitled is likewise an offense involving moral turpitude.

The conviction was not too remote. The test for determining remoteness is whether the conviction was sufficiently recent in

time to have some bearing upon the witness's present credibility. 1 McCormick & Ray, Texas Law of Evidence, Sec. 660 (Supp.1978). The conviction was on January 30, 1975; the injury for which Evans sought compensation allegedly occurred on April 28, 1976; and this cause was tried in the district court on December 19, 1977. Thus, only 15 months elapsed between the conviction and the alleged injury, and less than three years between the conviction and the civil trial. Such a conviction is not too remote. Compare: *Landry v. Travelers Insurance Company*, supra; *Porter v. State*, 163 Tex.Cr.R. 485, 293 S.W.2d 667 (1956). See also: Elliott, "Evidence, Annual Survey of Texas Law," 25 S.W.L.J. 135 (1971). Indeed, Evans has not contended and does not now contend that the conviction was too remote. Rather, he asserts that the evidence constitutes impeachment on a collateral matter.

Conviction of a crime involving moral turpitude is not a collateral matter. 1 McCormick & Ray, Texas Law of Evidence, Sec. 685, p. 529, Sec. 691, p. 536 (2d ed. 1956). And proof of such a conviction may be made either by introducing the record as original evidence without laying a foundation therefor (1 McCormick & Ray, Texas Law of Evidence, Sec. 662, p. 509 [2d ed. 1956]) or by proving the fact of such conviction in contradiction of the witness's assertion to the contrary. 62 Tex.Jur.2d, Witnesses, Sec. 274, p. 251, Sec. 276, p. 256.

Evans earnestly argues that the exclusion of the evidence was, at worst, harmless error. It is true that the insurance carrier was successful to some degree in attacking Evans' credibility by showing that he had made untrue statements concerning other matters. But those discrepancies were not clear cut and were, for the most part, explained by Evans. There was no impeachment evidence as clear or potentially damaging to his credibility as that which was excluded. And as the fact of injury was a principal contested issue in the case, and the only testimony of Evans' alleged injury was his own, anything bearing upon his credibility was vital to American Motorists' defense. *Texas Employers' Insurance Association v. Curry*, 290 S.W.2d 767 (Tex.Civ. App. El Paso 1956, writ ref'd n. r. e.). Consequently, the exclusion of such evidence amounted to such a denial of American Motorists' rights as was calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.Civ.P. 434.

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial.