

# The Attorney General of Texas

March 19, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Sam Kelley, Commissioner
Consumer Credit Commission
P. O. Box 2107
Austin, Texas    78768

Opinion No. MW-457

Re:  Construction of article
5069  -  51.03A,  V.T.C.S.,
denying pawnbroker's license
to  applicant  convicted  of
crime      involving      moral
turpitude

Dear Mr. Kelley:

You advise that an individual who was convicted of attempted robbery in California in 1940 has applied for a pawnshop license. This conviction is the only blemish on his record. You ask whether section 3A of the Texas Pawnshop Act, article 5069-51.01, _et seq._, V.T.C.S., prevents you from granting him a license.

Section  3A,  codified  as  article  5069-51.03A,  V.T.C.S.,  was enacted by the Sixty-seventh Legislature. Acts 1981, 67th Leg., ch. 99, at 222.  It provides in pertinent part as follows:

> (a)  To be eligible for a pawnshop license, an applicant must:
>
> (1)  be of good moral character and not have been convicted of or be under indictment for  theft,  fraud,  forgery,  or  any  crime involving moral turpitude.

Nothing in the language of section 3A suggests that the statute only applies where a conviction is obtained in a Texas court for an offense under Texas law.  Compare Muniz v. State, 575 S.W.2d 408 (Tex. Civ. App.  -  Corpus Christi 1978, writ ref'd n.r.e.) (construing similar language in section 6 of article 320a-1, V.T.C.S.).  Thus, the mere fact that this applicant was convicted in California of an offense under California law does not excuse him from the provisions of section 3A(a)(1).

Under  section  3A,  a  pawnshop  license  must  be  denied  to  an applicant who has been convicted of three specific crimes:  theft, fraud  or  forgery.   A  conviction  of  attempted  robbery  is  not  a

conviction of theft, fraud or forgery.  See Penal Code §§15.01 (criminal attempt); 29.02 (robbery); 31.03 (theft).  A license must, however, also be denied to an applicant who has been convicted of "any crime involving moral turpitude."  The remaining question, therefore, is whether this applicant is in this category.

"Crime involving moral turpitude" is a nebulous term which is not defined in the Texas Pawnshop Act.  For that matter, it has never been clearly defined, although some cases do contain useful discussions of the term.  In Muniz v. State, supra, at 411, for example, the court stated as follows:

> Moral turpitude has been defined as anything done knowingly contrary to justice, honesty, principle, or good morals.  [citations omitted].  It has also been defined to be an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men or to society in general.  [citations omitted].  The term implies something immoral in itself, regardless of whether it is punishable by law.  The doing of the act itself, and not its prohibition by statute, fixes the moral turpitude.  [citation omitted].  Immoral conduct is that conduct which is willful, flagrant, or shameless, and which shows a moral indifference to the opinion of the good and respectable members of the community.  [citations omitted].

See generally 62 Tex. Jur. 2d Witnesses §271.

Section 29.02 of the Texas Penal Code lists the elements of the crime of robbery.  It provides that:

> (a)  A person commits an offense if, in the course of committing theft as defined in [section 31.01 et. seq.] of this code and with intent to obtain or maintain control of the property, he:
>
> (1)  intentionally, knowingly, or recklessly causes bodily injury to another; or
>
> (2)  intentionally or knowingly, threatens or places another in fear of imminent bodily injury or death.
>
> (b)  An offense under this section is a felony of the second degree.

Section 15.01 of the Texas Penal Code deals with criminal attempt. It provides in pertinent part as follows:

> (a)   A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.
>
> . . . .
>
> (d)   An offense under this section is one category lower than the offense attempted....

Under present Texas law, therefore, attempted robbery is a third degree felony.

Under California law in effect in 1940, the year in which this applicant was convicted, the elements of attempted robbery were in all essential respects the same as those established by present Texas law. Section 211 of the California Penal Code provided (and still provides) that:

> Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

"Attempted" robbery occurred where there was a specific intent to commit robbery and a direct, unequivocal, but ineffectual overt act directed at its consummation. See, e.g., People v. Vizcarra, 168 Cal. Rptr. 257 (Ct. App. 1980); People v. Gibson, 210 P.2d 747 (Ct. App. 1949) (elements of "attempted" crime); Cal. Penal Code §§663, 664 (West).

We believe Texas courts would treat the Texas offense of attempted robbery as a crime involving moral turpitude. Compare, e.g., Arambula v. State, 112 S.W.2d 737 (Tex. Crim. App. 1938) (theft a crime involving moral turpitude); Sherman v. State, 62 S.W.2d 146 (Tex. 1933) (swindling a crime involving moral turpitude); see also American Motorists Insurance Company v. Evans, 577 S.W.2d 514 (Tex. Civ. App. - Texarkana 1979, writ ref'd n.r.e.). As noted, this offense is a third degree felony, and the elements discussed in Muniz v. State, supra, are certainly present. Similarly, we believe the crime of which this applicant was convicted in 1940 is a crime involving moral turpitude within the meaning of section 3A(a)(1). The elements of attempted robbery as then defined by California law were, as noted, essentially the same as those established by present Texas

law, which demonstrates that the crime was no less heinous under California's criminal justice system than it now is under ours.

We next consider how section 3A(a)(1) applies in the present situation.  As noted before, that section provides that in order to be eligible for a pawnshop license, an applicant "must" meet certain requirements.  In our opinion, the word "must" is, in this context, mandatory.  See Vela v. Schacklett, 1 S.W.2d 670 (Tex. Civ. App. - San Antonio 1927, no writ); 73 Am. Jur. 2d Statutes §22.  The consumer credit commissioner "must," therefore, deny a license to an applicant who has been convicted of a crime involving moral turpitude.

It has been suggested that article 6252-13c, V.T.C.S., enacted by the Sixty-seventh Legislature, Acts 1981, chapter 267, at 694, compels a different result.  Section 4 thereof provides that:

> (a)  A licensing authority may... disqualify a person from receiving a license... because of a person's conviction of a felony or misdemeanor if the crime directly relates to the duties and responsibilities of the licensed occupation.

The argument is that, notwithstanding section 3A(a)(1) of the Pawnshop Act, the consumer credit commissioner may, by virtue of article 6252-13c, grant an applicant a license if he concludes that the crime of which the applicant was convicted would not directly relate to the duties and responsibilities of the licensed occupation.

We disagree.  It is true that section 4(a) of article 6252-13c authorizes (although it does not require) a licensing authority to deny an applicant a license if it concludes that the applicant's past criminal activity would directly relate to the licensed occupation. On the other hand, section 7(e) of article 6252-13c provides that "[u]pon a licensee's felony conviction... his license shall be revoked."  (Emphasis added).

We need not, in this instance, determine the import of section 7(e) or resolve the apparent conflict between this section and section 4(a).  In our opinion, article 5069-51.03A controls in any event, because it is a specific statute which provides that an applicant for a particular license must be denied that license under certain circumstances.  As between general and specific statutes, the latter are uniformly regarded as the best evidence of the legislature's intent, see, e.g., Cuellar v. State, 521 S.W.2d 277 (Tex. Crim. App. 1975); City of Baytown v. Angel, 469 S.W.2d 923 (Tex. Civ. App. - Houston [14th Dist.] 1971, writ ref'd n.r.e.), and we believe the enactment of section 3A(a)(1) of the Pawnshop Act plainly evidences a legislative intent absolutely to deny pawnshop licenses to applicants who have been convicted of the specific crimes listed therein.

### S U M M A R Y

By virtue of article 5069-51.03A, V.T.C.S., an applicant who was convicted of attempted robbery in California in 1940 is not eligible for a pawnshop license.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood