**Alfonso MARTINEZ, Jr.**

v.

**STATE of Texas.**

No. 4–87–00046–CR.

Court of Appeals of Texas,
San Antonio.

July 6, 1988.

Jimmy Parks, San Antonio, for appellant.

Fred G. Rodriguez, Mario Bordini, Ilse D. Bailey–Graham, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

**PER CURIAM.**

In a bench trial, appellant was convicted of felony theft by check and given a two year probated sentence.

■ Appellant argues that the trial court erred in overruling his motion for instructed verdict based on insufficient evidence. After moving for an instructed verdict, however, appellant put on a defense, thereby waiving any error. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim.App. 1980). Since appellant's argument discloses that his real complaint is one of insufficient evidence, we shall review the sufficiency of the evidence. TEX.R.APP.P. 74(d); *Seals v. State*, 634 S.W.2d 899, 909 (Tex.App.—San Antonio 1982, no pet.).

Appellant operated a used-car lot, and purchased cars at wholesale from the complainant, James A. Willis. The usual procedure involved appellant issuing a draft to Willis in return for possession of a car. The draft was usually payable in 30 days by cashier's check at which time appellant would receive title to the car. On the morning of July 27, 1985, appellant gave Willis a draft dated August 10, 1985 in the amount of $3,100.00 and took possession of a 1978 Cadillac Fleetwood. That afternoon, a buyer was located and appellant, in order to obtain title to the car so that the sale could be consummated, gave Willis a check dated August 1, 1985 to replace the draft and to obtain title to the car. Appellant informed Willis that the check was not good, but Willis assured him that there was no problem. Some time after August 1, the check was presented to appellant's bank for payment, but was returned because of insufficient funds in appellant's account to cover the amount of the check.

Willis told appellant that the check had been returned and that if full payment of the $3,100.00 was not made within 10 days, criminal charges would be filed against him. Although appellant has paid roughly half the amount owed, a dispute arose between the parties as to the amount still unpaid and this conviction resulted.

Appellant's argument that there is insufficient evidence of intent to commit theft requires careful examination of the elements of theft and the State's obligation to prove each element beyond a reasonable doubt. Theft involves the unlawful appropriation of property with the intent to deprive the owner of the property without his effective consent. TEX.PENAL CODE ANN. § 31.03(a) & (b)(1) (Vernon Supp. 1988). Since both parties testified that the car was voluntarily sold, the State must show that the property was obtained by deception, defined by TEX.PENAL CODE ANN. § 31.01(2)(E) (Vernon 1974) as follows:

promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

■ Willis testified that he would not have given the title to the car to appellant had he known that he would not be paid. When a worthless check is passed by a person who knows the check is worthless, and he makes fraudulent statements to the property owner that the check is good, the owner has been induced into delivering his property without his effective consent. *King v. State*, 213 S.W.2d 541, 542 (Tex. Crim.App.1948). Such are not the facts with which we deal. The State must show that appellant did not intend to pay at the time the check was written. *Wilson v. State*, 663 S.W.2d 834, 836 (Tex.Crim.App. 1984) (en banc).

Sufficient evidence of intent to commit theft was found in *Carter v. State*, 203 S.W.2d 540, 543 (Tex.Crim.App.1947), after the court first examined the possibility of negating the element of intent by post-dating a check. The court stated:

If this was intentionally executed as a post-dated check, such proof should have been shown. No request was made to hold such check and no statement made as to having the money in the bank on the next day. We think this to be an ordinary check, accepted in good faith, and there was not sufficient funds in the bank upon which it was drawn to take care of the same when in due course such check would arrive at the bank. *Id.*

■ Appellant post-dated the check to Willis and informed him that the check was not good. The State's reliance on TEX.PENAL CODE ANN. § 31.06 (Vernon 1974) which provides that intent to commit theft may be inferred if an actor obtains property by passing a check and payment is refused for insufficient funds on presentation within 30 days after issue so long as the issuer failed to pay the holder in full within 10 days after notice of the check's dishonor does not provide the element of intent. Appellant's payments to Willis, of almost half of the amount owed before a dispute arose as to the amount still unpaid along with his notification to Willis that the check was no good, requires that the inference of intent to commit theft fail. There is insufficient evidence to uphold the conviction.

■ Appellant's argument that there is a fatal variance between the evidence and the indictment is without merit. The indictment states and the evidence shows, that the check which appellant tendered to Willis was in the amount of $3,100.00 and that the bank added a stamp in the upper left hand corner with notations "notified Lisa," "8–5–85" and "3:00 p.m."; a "Returned not paid, Excuse NSF" stamp in the middle of the check and the numbers, "0000310000" beneath the signature line.

The trial court's failure to file findings of fact and conclusions of law was not error. Appellant's reliance on TEX.R.APP.P. 51(a), designating the contents of a transcript on appeal is misplaced. The Texas Code of Criminal Procedure does not provide for the filing of findings of fact and conclusions of law and there is no common-law rule which applies. *Kadlec v. State*, 704 S.W.2d 526, 528 (Tex.App.—Dallas 1986, pet. ref'd); *Guadian v. State*, 420 S.W.2d 949, 952 (Tex.Crim.App.1967).

The judgment of the trial court is reversed and dismissal of prosecution is ordered.