SILAS JARMAN ALIAS EUGENE HINES v. THE STATE.

No. 12412.   Delivered March 20, 1929.
Rehearing denied April 17, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery with a deadly weapon; the punishment, death.

The case was tried in Grayson County on a change of venue from Cook County, the venue having been changed on the motion of the court.

Appellant, a negro, was picking cotton on the farm of A. R. Hassenpflug. Mr. Hassenpflug was away from home on the occasion of the assault. His wife, who was a frail woman weighing about 104 pounds, was at the house asleep and appellant was working in the field. About 11:15 a. m., appellant came to the house and requested Mrs. Hassenpflug to take him over to the field where the good cotton was. Appellant's manner and demeanor made her uneasy and she sought for something that might be used to defend herself, but being unable to find anything concluded that it was better to comply with appellant's request. The cotton scales, consisting of a round piece of iron with a hook at both ends and an iron 8-pound "pea and steel-yard," were placed in the back of the automobile by appellant. He also placed a half-gallon fruit jar of water in the car. On the way to the field appellant became impudent. He inquired as to the whereabouts of Mrs. Hassenpflug's husband and finally reached down and turned off the switch of the automobile. He endeavored to place his arms around Mrs. Hassenpflug. She attempted to get out of the car and appellant grabbed her by the hair and pulled her back. She screamed and appellant advised her that he would kill her if she didn't hush. He asked her to have sexual intercourse with him. He beat her with his fists and told her that he had been "itching to get hold of those pretty white women riding around in big cars." He said that the car was his now. He exhibited the 8-pound steel-yard and struck her over the head with it. She became unconscious for a while. She shortly regained consciousness and he struck her three more blows on the head with the steel-yard severely injuring her. He attempted to tear

off her clothes. He then struck her on the head with the fruit jar. He cut her bloomers with a piece of glass from the fruit jar. He exhibited his private parts and attempted to have intercourse with her. She kicked and fought him, finally kicking him from the car. He got into the car again, and throwing her down sat on her chest. His clothes were still unbuttoned and his private parts exposed. He struck her on the pelvis bone with the steel-yard. He choked her and cut her tongue with a piece of the glass from the broken fruit jar. He stated that he was going to leave with the car; that she could not talk and that nobody would ever catch him. She became unconscious and did not regain consciousness until about four o'clock in the afternoon. Appellant had gone taking the car and some articles of clothing from the house with him. He was found in possession of the stolen automobile and some of the clothes. He had a wound in his hand caused by the breaking of the fruit jar. There was blood on his clothing and on the automobile. He was positively identified by Mrs. Hassenpflug. Other witnesses testified to the fact that appellant had gone to the Hassenpflug place on the morning of the assault to pick cotton and to having seen him in the car with Mrs. Hassenpflug going in the direction of her husband's farm. The description of the steel-yard used by appellant in committing the robbery shows beyond question that it was a deadly weapon. Appellant offered no testimony except on the question of his age at the time the offense was committed. Appellant's grandmother testified that he was under 17 years of age on the date of the commission of the offense. His father testified that he was more than 17 years of age at said time. Appellant's grandmother was impeached. Appellant had theretofore given testimony in the juvenile court of Harris County to the effect that he was born October 31, 1910. The offense was committed on October 8, 1928.

Bill of exception Number 1 embodies a motion to dismiss the case, it being averred that no order had been entered directing that appellant be transferred from Cook County to Grayson County, and that he had never been delivered into the custody of the sheriff of Grayson County by the district court of Cook County. The court qualified the bill of exception as follows: "That the court, upon hearing, found that the matters set forth in the motion are untrue." It is not necessary to express an opinion as to the effect of a failure to enter an order directing the removal of a defendant on a change of venue to the proper county, as provided for in Article 573 C. C. P. The qualification quoted disposes of the question.

Appellant requested the court to charge the jury as follows:

"If you believe from the evidence that the robbery, if any, was committed and complete before the use of a deadly weapon, if any, upon Mrs. A. R. Hassenpflug, then you cannot assess a death penalty in this case, should you find the defendant guilty."

The court properly refused to give this charge. The evidence fails to raise the issue that the robbery was committed before the exhibition of a deadly weapon. It is undisputed that appellant attacked the injured party with the steel-yard before he deprived her of the possession of the automobile.

We have carefully examined every contention made by appellant and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the motion for rehearing complaint is made of the failure of the court to discuss and sustain the contention of the appellant embraced in his Bill of Exceptions No. 5 which reveals the refusal to give a special charge reading as follows:

"Now comes the defendant in the above numbered and entitled cause and moves the Court to exclude all testimony introduced by the State's evidence showing an assault by the defendant upon prosecuting witness, after said automobile alleged to have been taken from her was in the possession and control of the defendant."

The evidence reveals but a single transaction, and in refusing to give the special charge above quoted the court was not in error. The rule that where several crimes are intermixed and blended with one another or so connected as to form an indivisible criminal transaction so that the proof of one cannot be made without showing the other all may be proved, is deemed applicable. See Underhill's Crim. Evidence, 3rd Ed., Sec. 152, and cases collated in note 52, p. 195, embracing many of the decisions of this court. See also Claxton v. State, 4 S. W. (2d) 542, and cases collated in Branch's Ann. Tex. P. C., Sec. 2347.

The motion is overruled.

*Overruled.*