## ERVIN E. CRUMRINE V. STATE.

No. 24477. November 9, 1949.

No attorney of record on appeal for appellant.

*Will R. Wilson, Jr.*, Criminal District Attorney, *R. H. Singleton,* First Assistant District Attorney, and *Frank C. Moore, Jr.,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the state penitentiary for a period of five years.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

The state's evidence, briefly stated, shows that S. F. Irwin and P. A. Bolton, who lived at Jacksonville, attended an American Legion Convention at Fort Worth, Texas. Late in the afternoon of July 31st, they left Fort Worth and went to Dallas with the purpose of taking a train there for Jacksonville. Upon their arrival at Dallas, they learned that the train which they intended to ride to Jacksonville had already departed. They hired a cab to take them to Elm, but they failed to catch the train there. They then decided to hitch-hike it. They caught a ride from Elm to Riley at which place they sought to catch a ride to their home town. They saw some young men in a pickup truck who apparently were going on a fishing trip. These men agreed to take them to Seagoville, however, they took them only a short distance below Seagoville and, by the use of guns and putting the said Irwin and Bolton in fear of their lives and bodily injury, robbed each of a watch, knife and what money they had and told them to get going. Irwin and Bolton went back to Seagoville, reported the matter to the night watchman who summoned the sheriff and some of his deputies, who immediately responded to the call and within a short time arrested appellant and his companions. At the time of their arrest, they had all of the ill-gotten property in their possession except Mr. Irwin's watch, which they had thrown in the grass near the road. They told the officers where they had thrown it and accompanied the officers to the designated place where it was found.

Appellant took the witness stand and testified in his own behalf. He claimed that he did not have a thing to do with the robbery; that he was present and tried to persuade his companions not to rob the old men. This raised an issue of fact which the jury found adversely to him. We think the evidence is ample to support the jury's conclusion of his guilt.

By Bill of Exceptions No. 1, he complains of the court's action in declining to peremptorily instruct the jury to acquit him. What we have said relative to the sufficiency of the evidence to sustain his conviction disposes of this bill.

Bill of Exceptions No. 2 reflects the following occurrence: After Mr. Irwin had testified that appellant and his companions took from him sixty-five cents in money, a watch and a pocket knife, the state called P. A. Bolton, who testified that they took from him a watch, a knife, some keys, an American Legion button and about $15.00 in money. Appellant objected to the testimony given by Mr. Bolton because there is not any averment in the indictment to the effect that they took anything from him. The court overruled the objection and he excepted. The court qualified the bill and in his qualification states that he was of the opinion that the taking of the property from Bolton and Irwin was one transaction and a part of the res gestae of the offense. It occurs to us that the bill, as qualified, fails to reflect any error and is therefore overruled. See Girtman v. State, 73 Tex. Cr. R. 158 (164 S. W. 1008) ; and Wilkerson v. State, 31 Tex. Cr. R. 86 (19 S. W. 803).

By Bill of Exceptions No. 3 he complains of the testimony given by deputy sheriff R. C. Hayes to the effect that when he and his partner arrested appellant and his companions on the night in question they had a .22 caliber rifle and a shotgun lying in the back of their truck; that the shotgun shown him by the district attorney looked just like the one they had and of which he took possession. Appellant objected to the introduction of the gun in evidence on the ground that it had not been sufficiently identified. This bill is also qualified by the court and, as qualified, fails to reflect any error. That they had a shotgun and a rifle which they used in putting their victims in fear of like is sufficiently shown, and, therefore, the objection went more to the weight of the testimony than to its inadmissibility.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the court.