B. F. (Lefty) FOWLER V. STATE.

No. 25700. February 13, 1952.
Rehearing Denied April 2, 1952.

Hon. James G. Denton, Judge Presiding.

*Burks & McNeil,* by *Clifford W. Brown,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for transporting beer in a dry area; the punishment, a fine of $1000.

Appellant drove up to a house in Lubbock which was being searched by inspectors of the Texas Liquor Control Board. He engaged in conversation with the officers, in the course of which he told them that he had a case of beer in his car. A search of the car was made resulting in the finding of 48 cans of beer.

It was admitted that Lubbock County was a dry area.

There is one bill of exception which complains that the assistant county attorney, in his opening argument to the jury, indirectly alluded to appellant's failure to testify. According to this bill, the attorney for the state remarked to the jury, "why was Lefty out there?" (Referring to the place where the search was in progress and where the arrest was made.)

Appellant objected to said argument "for the reason that the same constituted an improper indirect allusion to the failure of the defendant to testify since there was no evidence that anyone, save and except the defendant, could explain why he was out there."

The objection being overruled, the assistant county attorney repeated the remarks as follows: "Why was Lefty out there? I don't know. Lefty was out there, but I was not. I can only surmise what he was doing out there."

Appellant again objected to the argument as being an improper indirect allusion to the failure of the defendant to testify, and excepted when his objection was overruled.

The bill certifies that no one was present at the time of the arrest except the defendant and the arresting officers.

The reason for appellant's presence was not a matter necessarily concealed within his own breast, or known only to himself and the officers he encountered. Others may well have known of appellant's purpose.

We find no certification in the bill that no one save appellant was in a position to testify why he drove up to the house that was being searched. It follows that such bill fails to show that the argument complained of necessarily referred to the failure of appellant to testify.

The applicable rule is stated in 4 Tex. Juris. p. 397, Sec. 264, as follows:

"A bill complaining of a statement that certain testimony or facts had not been denied or disproved, or of a reference to the absence of evidence to show certain facts, or of an argument challenging the jury to explain certain matters as being an indirect reference to the failure of the accused to testify, is insufficient when it does not show that no one other than the appellant was in a position to contradict the testimony or to disprove the statement, or to explain the matter."

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

Our original opinion of affirmance was predicated upon the failure of Bill of Exception No. 1 to negative the fact that some one other than appellant might have known why he was at the particular place in question. We stand squarely upon the rule that the bill itself must reflect the error, and the court will not look to the record to find the same.

A reasonable construction to be given the argument here complained of was that the same constituted a deduction by state's counsel, from the evidence, that appellant was at the house in question for the purpose of delivering the case of beer which was found in his automobile. All the evidence supporting such a conclusion was already in the record.

It has always been the rule that a prosecutor may draw logical deductions from the evidence.

We have held, in Lewis v. State, 155 Tex. Cr. R. 544, 236 S.W. (2d) 812, that "the implication that the language used had reference to the defendant's failure to testify must be a necessary one." To us, the argument here appears to have been directed to the evidence already in the record rather than being an allusion to the appellant's failure to supply more.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.