FLAUDELL FITE V. STATE

No. 28,090. April 11, 1956.

Appellant's Motion for Rehearing Overruled
May 30, 1956.

*Hugh Snodgrass, Joe McNicholas* and *C. E. Tobin,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Fred Bruner, George P. Blackburn, Thomas B. Thorpe* and *James K. Allen,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for rape; the punishment, death.

This is a companion case to that of Pierce v. State, No. 28,154, this day decided. (Page 372, this volume.)

A summary of the facts as to the ravishing of the 17-year old prosecutrix and the robbery of her companion by Pierce and appellant is set out in our opinion in the Pierce case and need not here be repeated.

Appellant made and signed a written statement which was introduced in evidence without objection. The statement reveals that the appellant owned the pistol used in the attack; that Timothy Pierce had sexual intercourse with the prosecutrix before he did; and that Pierce took the watch and the contents of the purse from prosecutrix' companion, although he admits that he was wearing the watch when arrested.

Appellant while testifying in his own behalf stated that he was with Timothy Pierce and T. J. Hall on the evening and night in question; that he owned the gun exhibited at the trial and carried it with him when he left home; that he smoked two marihuana cigarettes before he left home and drank beer off and on until midnight. He further testified that he did not remember anything about the attack on the prosecutrix or her companion and could not recall any facts surrounding the attack. He also stated that he voluntarily signed the written statement introduced in evidence, but that he got the facts related therein from the officers as they had previously talked to the girl and her companion.

The court withdrew appellant's plea of guilty and entered a plea of not guilty for him.

We find the evidence sufficient to support the verdict of the jury.

Appellant complains of the admission in evidence of the watch taken from the prosecutrix' companion over his objection that it was proof of a collateral crime which was inflammatory and prejudicial to the rights of the accused.

When an extraneous crime or other transaction is a part of the res gestae, proof of the same is admissible. The testimony shows that the watch was taken at the time of the commission of the offense here charged, hence a part of the res gestae. No error is shown. Branch's Ann. P.C., Sec. 166; Jarman v. State, 112 Tex. Cr. R. 239, 16 S.W. 2d 130; Crumrine v. State, 153 Tex. Cr. R. 611, 224 S.W. 2d 243; 11 Tex. Dig., Criminal Law, Key No. 365 (1).

Appellant contends that the court erred in permitting the state to ask the appellant, while he was testifying, if he was "smoking marihuana out there that night" over his objection, "Your Honor, now we object to that question."

Appellant's testimony shows that he smoked some marihuana at his home about 3 or 4 hours prior to the time of the alleged rape. He further testified that he was unable to recall any of the facts or circumstances immediately surrounding the offense charged.

In McArthur v. State, 132 Tex. Cr. R. 447, 105 S.W. 2d 227, we said:

"* * * It is a well-recognized rule in this State that where motive, intent or the condition of the mind of the accused prior to the commission of an offense is an issue, the acts, words, and conduct of the defendant are admissible, though they show the commission of an extraneous offense. See Holmes v. State, 20 Tex. App. 509, 511; Branch's Ann. P.C., Sec. 2347."

No error is here reflected.

Appellant complains of the court permitting the witness James Murray to testify, over his objection, that the witness had been in the courtroom during the taking of all the testimony given on the trial.

The objection is presented by an informal bill of exception

reserved in the statement of facts. We have only the objection itself as no facts are shown to form a basis for the objection.

In the absence of a showing that said witness was in the courtroom and heard the testimony during the trial we are unable to consider said complaint. 4 Tex. Jur. 294, Sec. 206.

Appellant's testimony before the jury that he could not recall any of his acts or the acts of his companions, the facts, events or circumstances immediately surrounding the offense charged made it the duty of the trial court to withdraw his plea of guilty and enter for him a plea of not guilty. The procedure followed under these facts shows no error. Rayson v. State, 160 Tex. Cr. Rep. 103, 267 S.W. 2d 153.

Finding no reversible error the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing, appellant re-urges his contention that the court erred in permitting the state to introduce in evidence the watch taken from the prosecutrix' companion over his objecion that it was proof of a collateral crime. Under the evidence, the taking of the watch was shown to be a part of the res gestae of the transaction in which the prosecutrix was raped and was therefore admissible in evidence under the authorities cited in our opinion. An examination of the record further reflects that, before the watch was admitted in evidence, the prosecutrix had testified, without objection, that, on the night in question, the appellant and his companion had robbed her companion of his money and his watch at the point of a gun. We fail to perceive any error by the admission of the watch in evidence.

We have again examined the record in the light of the other points of error urged by the appellant and remain convinced that no error is shown and that the evidence is sufficient to support the conviction.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.