## L. B. SPENCER v. STATE

No. 28,891. April 3, 1957.

*Jesse P. Cunningham* and *Pat T. Peyton, Jr.*, Beaumont, for appellant.

*Ramie H. Griffin*, Criminal District Attorney, and *James S. McGrath*, Assistant Criminal District Attorney, Beaumont, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted under an indictment charging the primary offense of felony theft with two prior convictions of felonies less than capital alleged for enhancement; the punishment, life imprisonment in the penitentiary.

The testimony for the state shows that after Manuel Jones, Jr., left his job at 12:30 A.M., he was with the appellant and another person for sometime, then he and the appellant went to his (Jones') room, that they soon left, and shortly thereafter Manuel Jones, Jr., returned to his room, closed the door, placed his watch, wallet containing $11, a leather pouch, and the keys to his car, which was parked about one-half block away, on top of the radio and went to bed. The testimony further shows that when he awoke about 3:30 P.M. everything he had placed on the radio was gone and his car was also missing; that he did not give appellant or any other person his consent to take the things he had placed on the radio or the car; that his car was a 1950 Mercury bearing license number MK-1523, and the next information he had of the car was that it had been wrecked in Houston. He identified the watch, wallet, and the leather pouch at the trial as being those taken from his bedroom and belonging to him.

The state's witness, Lillian Scott, testified that she knew both Manuel Jones, Jr., the owner of the car, and the appellant, and that about 2 P.M. she saw the appellant with the keys to Jones' car, saw him get in the car, asked him where he was going and he replied that he was going to pick up Jones and they were going to work, and then he drove the car away.

The state's evidence shows that the appellant had been, prior to the date of the commission of the primary offense alleged, convicted of two felonies less than capital as alleged in the indictment.

Proof was offered that the appellant was the same person

named in the two prior convictions alleged and submitted to the jury.

Officer Peterson of the Houston Police Department testified that about 3:30 A.M. while investigating the collision of a 1950 Mercury bearing license number MK-1523 with a utility pole, Sylvester Small told him that he was the driver of the Mercury and that the appellant was the owner of the Mercury and was then at his home, and soon thereafter he learned that the Mercury was stolen and arrested appellant at Small's home.

Officer Cole of the Beaumont Police Department testified that he went to Houston where appellant and a wallet, leather pouch, and a watch taken from him at the time of his arrest were delivered to him by the Houston Police Department, and he returned the appellant to Beaumont and delivered the personal property to the district attorney.

It was stipulated by and between the state's attorney, the defendant in person, and his attorney that the 1950 Mercury automobile here in question was of the market value of more than $50 at the time and place as alleged.

Appellant did not testify but called a witness who testified that she was with the appellant and Manuel Jones, Jr., shortly before the Mercury was taken and that she heard them talking about going to Houston and that Jones told the appellant that in the event he could not go for him to take the car and go on to Houston.

Appellant contends that the court erred in admitting in evidence the wallet, leather pouch, and watch over his objection that they were not admissible on the ground that they tended to prove an extraneous crime.

The state's evidence shows that the keys to the car alleged to have been stolen were placed along with the wallet, leather pouch, and watch on top of the radio in the bedroom by Manuel Jones, Jr., at the time he retired and that all were missing when he awoke.

In Fite v. State, 163 Texas Cr. Rep. 279, 290 S.W. 2d 897, under a similar state of facts, we said:

"When an extraneous crime or other transaction is a part of the res gestae, proof of the same is admissible. The testimony

shows that the watch was taken at the time of the commission of the offense here charged, hence a part of the res gestae. No error is shown. Branch's Ann. P.C., Sec. 166; Jarman v. State, 112 Texas Cr. Rep. 239, 16 S.W. 2d 130; Crumrine v. State, 153 Texas Cr. Rep. 611, 224 S.W. 2d 243; 11 Texas Dig., Criminal Law, Key No. 365 (1)."

Appellant complains of the admission in evidence of the fingerprint cards and photographs which were attached to certified copies of indictments and judgments of conviction from the records of the Texas Prison System which were admitted alone on the certification of the record clerk of the Texas Prison System over his objection that he was not allowed to cross-examine the person or persons who took said fingerprints and photographs and that they were hearsay evidence.

Certified copies of the records in Cause No. 18,151 in the Criminal District Court of Jefferson County and in Cause No. 60,861 in the district court of Harris County were offered by the state showing the two former convictions alleged in the indictment which were relied upon by the state, to which no complaint is here made.

The state introduced in evidence copies of the original files and records of the Texas Prison System showing the judgment and sentence in Cause No. 18,151, styled "The State of Texas v. L. B. Spencer," in the Criminal District Court of Jefferson County, and in Cause No. 60,861, styled "The State of Texas v. L. B. Spencer," in the district court of Harris County, which records had accompanied the said L. B. Spencer at the time he was received at the Texas Prison System and also a copy of his fingerprints and photographs from the original files of said prison system on said subject, which were properly authenticated by J. C. Roberts, Record Clerk of the Texas Prison System. The record clerk for the Texas Prison System nor any employee in the office of said record clerk appeared as a witness in this case.

W. P. Hayes testified that he knew the appellant and identified him at the trial as being the same person whose fingerprints were taken and recorded on a fingerprint card which card he identified at the trial as being the card made while he was superintendent of the Identification Bureau of the Beaumont Police Department, and said card was introduced in evidence as State's Exhibit No. 14. The witness Hayes, whose qualifications are not questioned, further testified that he had ex-

amined the fingerprints on the cards which had been introduced in connection with the records of the Texas Prison System and had compared them with the known fingerprints of the appellant on the fingerprint card marked State's Exhibit No. 14, and expressed the opinion that the fingerprints on each of said fingerprint cards were of the same person.

Art. 3731a, Vernon's R.C.S., as amended in 1953, authorizes the introduction in evidence of "any written statement, certificate, record, return or report made by an officer of this state or of any governmental subdivision thereof, or by his deputy or employee, in the performance of the functions of his office * * * so far as relevant * * * in the courts of this state as evidence of the matters stated therein, subject to the provisions of Section 3." Section 4 of said Article 3731a provides that such writings may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy.

In view of the foregoing statute, the fingerprint cards and photographs in connection with the records of the prison system were admissible in evidence. Hill v. State, 163 Texas Cr. Rep. 331, 290 S.W. 2d 677. The fingerprint cards and photographs were not hearsay and were relevant because proof of the prior convictions and appellant's identity were necessary to sustain the allegations in the indictment. Rice v. State, 162 Texas Cr. Rep. 367, 292 S.W. 2d 114.

The notice provided for by Section 3 of said article is not here in question because no objection on that ground was made in the trial court. Hooper v. State, 160 Texas Cr. Rep. 441, 272 S.W. 2d 103; Hill v. State, supra; Rice v. State, supra.

Under the provisions of Art. 704, Vernon's Ann. C.C.P., the provisions of Art. 3731a, Vernon's Ann. R.C.S., are applicable to criminal cases when not in conflict with the Penal Code or Code of Criminal Procedure. Fite v. State, 158 Texas Cr. R. 611, 259 S.W. 2d 198; Hill v. State, supra.

The evidence is sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.