**James Donald YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39391.**

Court of Criminal Appeals of Texas.

April 20, 1966.

Z. D. Allen, Wichita Falls, for appellant.

Stanley C. Kirk, Dist. Atty., Jim Phagan, Asst. Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is theft by bailee with two prior felony convictions alleged for enhancement under Article 63, Vernon's Ann. P.C.; the punishment, life.

No statement of facts accompanying the record, the question of the sufficiency of the evidence is not before us for review.

By formal bills of exception appellant raises two contentions on appeal. Appellant first complains of the action of the trial court in overruling his motion in limine wherein he sought to prohibit the State from reading to the jury the portion of the indictment containing the enhancement counts alleging prior felony convictions. The qualified bill reflects that the appellant did not stipulate or agree to stipulate to the above mentioned prior convictions. Our holding in Taylor v. State, 398 S.W.2d 559, disposes of this contention.

Appellant's next bill relates to the refusal of the trial court to grant a mistrial when the following colloquy took place during the examination of State's witness Broadway by the prosecution:

"Q. The man that drove that station wagon into Waites did not return that day?

A. No, sir.

Q. Do you know how long the Chevrolet station wagon stayed there?

A. Yes, sir, it was approximately, I'd say three or four days before the people that this car had been stolen from came to pick it up."

Upon objection by the counsel for appellant that the latter answer was unresponsive, the court sustained the objection and instructed the jury to disregard the witness' answer.

In the absence of a statement of facts, we have only the question, the answer and the court's ruling on the objection and no facts are shown within the bill to form a basis for the objection. Hence, nothing is presented for review. Fite v. State, 163 Tex.Cr.R. 279, 290 S.W.2d 897. See also Fowler v. State, 157 Tex.Cr.R. 147, 247 S.W.2d 393.

The judgment is affirmed.