**Ex parte James Donald YOUNG.**

**No. 48885.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Guy H. McNeely, Wichita Falls (Court-appointed), for appellant.

Jim D. Vollers, State's Atty. and Larry Gist, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought under the provisions of Article 11.07, Vernon's Ann. C.C.P. See Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967).

The petitioner was convicted by a jury of the primary offense of theft by bailee and his punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life. Sentence was imposed on October 13, 1965, and petitioner gave notice of appeal. His attorney, who also represented him at trial, brought forward two formal bills of exception *and filed a brief* in this court in support of the same. Petitioner's conviction was affirmed. Young v. State, 401 S.W.2d 599 (Tex.Cr.App.1966).

In his appeal appellant complained of the trial court's action of overruling his motion in limine wherein he sought to prevent the State from mentioning or reading that portion of the indictment alleging prior convictions for enhancement of punishment. The formal bill of exception, as qualified by the court, reflected the petitioner did not stipulate or agree to stipulate to the prior convictions alleged. It is noted that petitioner's 1965 trial was conducted under the former Code of Criminal Procedure (1925), where the unitary trial prevailed. In disposing of appellant's contention this court cited Taylor v. State, 398 S.W.2d 559 (Tex.Cr.App.1966), which in turn cited a host of cases contrary to appellant's contention. See also Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L. Ed.2d 606 (1967).

Appellant's other formal bill of exception complained of State's witness Bob Broadway's testimony on behalf of the State as follows:

"BY MR. PHAGAN:

"Q. The man that drove that station wagon into Waites (Ford agency where primary offense commenced) did not return that day?

"A. No, sir.

"Q. Do you know how long the Chevrolet station wagon stayed there?

"A. Yes, sir, it was approximately, I'd say three or four days before the people that this car had been stolen from came to pick it up.

"MR. ALLEN (defense counsel): If the Court please, it's not responsive to the question, it's prejudicial, inflammatory—

"THE COURT: Sustain the objection.

"MR. ALLEN:—and I'll ask the Court to instruct the Jury not to consider.

"THE COURT: The Jury is so instructed not to consider it."

The motion for mistrial then made was overruled by the court.

In disposing of this second complaint that the trial court erred in refusing to

grant the mistrial motion when the witness made an unresponsive answer, this court wrote:

"In the absence of a statement of facts, we have only the question, the answer and the court's ruling on the objection and no facts are shown within the bill to form a basis for the objection. Hence, nothing is presented for review. Fite v. State, 163 Tex.Cr.R. 279, 290 S. W.2d 897. See also Fowler v. State, 157 Tex.Cr.R. 147, 247 S.W.2d 393."

Subsequently, after exhausting State remedies the petitioner, represented by other counsel, apparently retained, sought habeas corpus relief in the United States District Court, Northern District of Texas. In Civil Action No. CA–7–757 the court, on July 25, 1973, entered an order finding that petitioner was indigent at the time of his appeal, that his court-appointed counsel on appeal had failed to obtain a statement of facts, and that the Court of Criminal Appeals had in "accord with settled Texas law" held in absence of a statement of facts nothing was presented for review with regard to the second contention urged on appeal. The court further found court-appointed counsel did not file a brief on appeal,[1] "nor did he file a motion for abatement of the appeal and remand to the trial court for completion of the appellate record."

The federal court concluded that petitioner was denied his constitutional right to effective assistance of counsel and an effective appeal by the absence of a statement of facts. The court then ordered that "[i]f it is determined that the petitioner is indigent . . . the State of Texas shall afford the petitioner appointed counsel and a statement of facts."

Petitioner's subsequent "Motion for Judgment" in the same federal court was denied by written order with the court noting its above-mentioned order and stating, "Petitioner, who was represented by coun-

sel on his application for habeas corpus relief and is now so represented, has never alleged that he is indigent nor has there been any attempt by petitioner to seek an appeal from his conviction of October 13, 1965.[2] Until petitioner gives notice to respondent (State) that he is indigent and requests appointment of counsel and a statement of facts, the respondent need only permit the petitioner upon his application to the convicting court to file an out of time appeal."

At the same time and in the same order the federal court granted the respondent's motion for extension of time, but directed the respondent to release the petitioner or permit an out-of-time appeal upon application.

Petitioner's counsel who represented him in federal court then filed a "Notice of Out-of-Time Appeal and Motion for Appointment of Counsel" in the convicting State court. Attached to such motion was a pauper's oath by the petitioner attesting to his present indigency and a copy of the federal court's order.

Apparently considering the instrument as a post-conviction application for habeas corpus relief, the convicting State court entered an order granting the out-of-time appeal and appointed new counsel for such appeal, apparently accepting without a hearing petitioner's pauper's oath. Subsequently, the convicting court entered an order making the finding that the court reporter who had taken "the evidence" at petitioner's 1965 trial was now deceased "and that there is no way a statement of facts can be made available . . . ."

■ There also appear to be some instruments filed in an apparent attempt to comply with the appellate process required by Article 40.09, Vernon's Ann.C.C.P. Since the notice of appeal was given in 1965, the appellate procedure to be utilized was that in effect at the time of the origi-

---

1. The statement that counsel did not file a brief is not correct.

2. The statement that petitioner did not seek an appeal is not correct.

nal notice of appeal, which would be the former Code of Criminal Procedure. Cf. Rivera v. State, 403 S.W.2d 130 (Tex.Cr. App.1966); Ross v. State, 403 S.W.2d 138 (Tex.Cr.App.1966); Ponce v. State, 409 S.W.2d 851 (Tex.Cr.App.1966).

■ Nevertheless, we observe that petitioner's court-appointed counsel for the belated appeal filed a brief relying on Ex parte Coleman, 487 S.W.2d 119 (Tex.Cr. App.1972), wherein it was held that where an accused is entitled to an out-of-time appeal but where such appeal is impossible because the transcription of the court reporter's notes has been lost, the conviction will be set aside and post-conviction habeas corpus relief granted.

We conclude such case is controlling under the circumstances of the instant case. The habeas corpus petition is granted, the conviction is set aside, and petitioner ordered remanded to the Sheriff of Wichita County to answer the indictment in Cause No. 13,019–A in the 30th Judicial District Court.

It is so ordered.