**Ex parte Clifford A. McCARTY.**

No. 53725.

Court of Criminal Appeals of Texas.

Feb. 9, 1977.

Sally L. Ray, Huntsville, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a habeas corpus application under Art. 11.07, V.A.C.C.P., wherein petitioner contends he was denied effective assistance of counsel on appeal, and seeks relief in the form of an out-of-time appeal.

Petitioner was convicted of murder in 1958 and punishment was assessed at life. On appeal petitioner was not represented by counsel, and the conviction was affirmed in *McCarty v. State*, 167 Tex.C.R. 164, 319 S.W.2d 338. It is uncontested that petitioner was indigent at the time. The hearing judge found petitioner was entitled to an out-of-time appeal, and we agree. See *Ex parte Perez*, Tex.Cr.App., 479 S.W.2d 283; *Ex parte Campbell*, Tex.Cr.App., 494 S.W.2d 842.

The requested relief is granted.

ONION, Presiding Judge.

I concur in the result reached that petitioner is entitled to the out-of-time appeal, but I take this opportunity to call to the trial bench's attention that much time is lost in post-conviction habeas corpus proceedings where the trial court has determined that the petitioner is entitled to an out-of-time appeal. Once that determination is made, the trial court can take steps to accord the petitioner an out-of-time appeal where the trial record is still available, and forward to this court such appellate record for the out-of-time appeal along with the post-conviction habeas corpus proceedings.[1] While this court is not bound by the findings of the trial court in these matters, if this court does agree that the petitioner is entitled to an out-of-time appeal then such appeal can be immediately afforded. Where only the determination that petitioner is entitled to an out-of-time appeal is forwarded along with the post-conviction habeas corpus record, then this court must pass on that matter; and if it agrees with the trial court, it must write an opinion and then await the preparation of the appellate record and then write again on the out-of-time appeal after much time lapse.

In *Ex parte Young*, 418 S.W.2d 824 (Tex. Cr.App.1967), it was written:

"Upon petition being presented to him as provided in Art. 11.07 as amended, the judge of the convicting court may:

"Grant or deny the petition in the same manner as any other district judge, with or without a hearing. If the facts are undisputed the district judge may so certify in issuing or refusing to issue the writ.

"If the undisputed facts or the facts resolved by him after hearing warrant such proceedings, the judge of the convicting court may be in position to afford the applicant rights which have been denied him, such as counsel on appeal; record on appeal; effective aid of counsel on appeal; determination of voluntariness of confession; and nunc pro tunc proceedings to supply or correct the records. See *Ex parte Brown*, Tex.Cr. App., 210 S.W.2d 597; *Ex parte Church*, 163 Tex.Cr.R. 357, 292 S.W.2d 120; *Ex parte Hannen*, 155 Tex.Cr.R. 10, 230 S. W.2d 236; *Ex parte Brian*, Tex.Cr.App.,

---

1. The appellate procedure applicable to an out-of-time appeal is the appellate procedure in effect at the time of the original appeal or attempted appeal. *Ex parte Young*, 517 S.W.2d 288 (Tex.Cr.App.1974), and cases there cited. Since the original appeal in the instant case was in 1958, the Code of Criminal Procedure, 1925, as amended, would be applicable. There would be no requirement that appellate briefs be filed in the trial court but in this court.

389 S.W.2d 467; *Ex parte Mixon*, Tex. Cr.App., 396 S.W.2d 417 (in which the writer dissented).

"In this way the applicant may, in some instances, be afforded all of the relief which the Court of Criminal Appeals or the Federal Court would afford him under the facts."

For some time after *Young* the procedure here recommended was followed, but for some unexplained reason the practice fell into disuse. The procedure here recommended should be followed.

DOUGLAS, J., joins in this concurrence.