**Calvin Edward LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0010–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1981.

Charles O. Melder, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

**493**

STILLEY, Justice.

Appellant received a life sentence after being adjudged guilty by a jury for the offense of aggravated rape. We affirm the judgment of the trial court.

The sufficiency of the evidence is not contested.

On the night of August 31, 1979, the complainant was sleeping in the downstairs area of a townhouse belonging to a friend. She awakened to find appellant in the apartment, displaying a handgun. The appellant put complainant's friend in a closet, and then engaged in unconsented sexual intercourse with complainant on threat of death.

After completing this act, appellant ordered complainant into a bathroom and left the townhouse. Complainant heard the sound of her friend's 1977 Chevrolet Corvette start up, and upon looking outside, she saw that both appellant and the Corvette were gone.

On October 28, 1979, appellant was arrested on the grounds of an apartment complex in Lafayette, Louisiana by police responding to a reported rape in which appellant matched the description of the suspect. The Corvette belonging to complainant's friend was found in the parking lot of the apartment. Appellant's driver's license and checkbook were discovered in the car.

By a single ground of error, appellant complains of the action of the trial court in allowing testimony regarding an extraneous offense committed by appellant, despite the granting of appellant's motion in limine regarding extraneous offenses.

The testimony occurred during the State's questioning of Officers Roberts and Craft.

Q. Did (the auto) belong to someone that lived in Louisiana or in Texas?
A. No Sir. It belonged to a resident of Texas. It was stolen out of Texas.
Q. Did you later learn... who that vehicle belonged to?
A. I later learned that the vehicle had been stolen out of Houston, Texas.

There was no objection to the two above-mentioned references to extraneous offenses. Appellant did object later when the State inquired what was found in the vehicle by Officer Craft.

Q. Did you inventory—search that vehicle?

A. Yes sir, I did.

Q. And what items, if any, did you find to be there?

Mr. Hocker: I'm going to object at this time.

A review of appellant's objection shows that it refers to property stolen from the auto, not that reference had been made to the auto being stolen. No objection being made at trial, nothing is present for review.

■■■ Generally, a motion in limine will not preserve error to the admission of inadmissible evidence. The violation of a motion in limine may entitle a party to relief, but any remedies available with regard to such a violation lie with the trial court. If its order has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. But for error to be preserved on appeal with regard to the admission of inadmissible evidence, objection thereto should be made at the time the evidence is offered. *Brazzell v. State*, 481 S.W.2d 130 (Tex.Cr.App.1972).

Further, a review of the hearing held on appellant's motion in limine shows that appellant desired to prevent introduction of evidence referring to several crimes with which appellant was charged in Louisiana, and the motion was so limited in its form.

■■ Appellant cites *Hafti v. State*, 416 S.W.2d 824 (Tex.Cr.App.1967) for the general rule prohibiting the introduction of extraneous offenses. However, *Hafti* further states: "Exceptions to the rule are recognized where the extraneous crime is a part of the *res gestae, or tends to connect the defendant with the offense* for which he is upon trial. 1 Branch 2d 200, Sec. 188." *Id.* at 825–826. (Emphasis added).

From the evidence, it appears the extraneous offense testimony falls within the res gestae exception. See, *Fite v. State*, 163

Tex.Cr.R. 279, 290 S.W.2d 897 (1956); *Blackshear v. State*, 137 Tex.Cr.R. 264, 128 S.W.2d 1205 (1959).

The ground of error is overruled and the conviction is affirmed.