In *Smith v. State*, 652 S.W.2d 410 (Tex. Cr.App.1983), the Court of Criminal Appeals was presented an analogous assertion of error with regard to the State's failure to plead the specific manner in which a burglary defendant "entered" a building. Texas Penal Code sec. 30.02(b) (Vernon 1974) defines entry as an intrusion of (1) any part of the body or (2) any physical object connected with the body. The Court of Criminal Appeals held that the State's allegation of entry was sufficient in the face of a motion to quash. Its statutory definition as "intrusion" is essentially singular, despite the more specific elucidation provided in the code with regard to manner and means of effectuating the intrusion. In the present case, of the various forms of sexual conduct, the State specifically pled deviate sexual intercourse. We deem the relationship between deviate sexual intercourse and its possible manifestations sufficiently analogous to the burglary analysis to conclude that this pleading was sufficient to enable preparation of a defense and protection from double jeopardy. Further specificity would intrude into evidentiary matters beyond the scope of due process pleading. Ground of Error No. One is overruled.

The judgment is affirmed.

**Monroe Farris SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00624–CR.**

Court of Appeals of Texas,
Dallas.

Aug. 22, 1983.

686

John G. Tatum, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne Wetherholt, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, STEPHENS and ALLEN, JJ.

CARVER, Justice.

Monroe Farris Smith appeals his conviction for aggravated kidnapping. Trial was before a jury which, after finding the allegations in the second paragraph of the indictment true, assessed punishment at confinement for sixty years in the Texas Department of Corrections. Appellant contends that the trial court erred (1) in overruling his objections to the charge; (2) in overruling his motions for mistrial after jury argument by the prosecutor; (3) in overruling his objection to jury argument of the prosecutor; and (4) in admitting into evidence a penitentiary packet. The State contends that the judgment and sentence erroneously show appellant was indicted for and convicted of the offense of aggravated kidnapping, a second degree felony. We agree with the State that the judgment and sentence are erroneous and, pursuant to Tex.Code Crim.Proc.Ann. art. 44.24(b) (Vernon Supp.1982–1983), we reform the judgment and sentence to reflect that appellant was indicted for and convicted of aggravated kidnapping, a first degree felony. As reformed, the judgment is affirmed.

The 15-year-old complainant was abducted at knifepoint by appellant. He took her from her backyard, forcing her into a waiting car. Appellant and his four companions then drove off with her in the car. While driving around, the complainant discovered she could open even a locked door at the handle. As the car crossed a bridge, the complainant opened the car door and propelled herself from the car. After her escape, she ran until she found a fire station where she received help.

The complainant recognized appellant as the person who did occasional yardwork in her neighborhood. She also testified that she had seen appellant, in the same car used in her abduction, pass through the neighborhood two or three times on the day she was kidnapped.

■ Appellant contends that the trial court erred in overruling his objection to the trial court's failure to charge the jury pursuant to Tex.Penal Code Ann. § 20.04(b) (Vernon 1974). Section 20.04(b) provides that the offense of aggravated kidnapping is a first degree felony unless the victim is voluntarily released alive and in a safe place, in which event it is a second degree felony. The complainant testified that she escaped from the five men who kidnapped her by opening a locked door and propelling herself out of a moving car into the middle of the street. Appellant presented no evidence. A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence. *Misner v. State,* 610 S.W.2d 502 (Tex.Cr.App.1981). However, in this case, the evidence did not create a factual dispute over whether or not there existed the statutory mitigating circumstances. *See Wright v. State,* 571 S.W.2d 24 (Tex.Cr.App.1978). The evidence showed that the complainant was not voluntarily released, and, therefore, that only a first degree aggravated kidnapping was committed. We hold the trial court did not err in failing to charge the jury pursuant to section 20.04(b).

■ Appellant next contends that the trial court erred in overruling his objection to the charge in that it did not include a charge on the lesser included offense of false imprisonment. Both felony and misdemeanor offenses of false imprisonment are lesser included offenses of aggravated kidnapping. *Ex parte Gutierrez,* 600 S.W.2d 933 (Tex.Cr.App.1980). However, merely because a lesser included offense is included within the proof of a greater offense, a jury charge on the lesser is not

required unless there is testimony raising the issue that the defendant, if guilty, is guilty only of the lesser offense. *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr.App.1974); *see also Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981) (on rehearing). The evidence presented in this case did not raise such issue, consequently, the trial court did not err in overruling appellant's objection to the jury charge.

In his next two grounds of error, appellant contends the trial court erred in overruling his motions for mistrial after jury argument by the prosecutor. The prosecutor first argued:

> It's a first degree felony, aggravated kidnapping. But for the grace of God, this could have been a murder case or a rape case . . . .

Appellant's counsel objected on the ground that the argument went outside the record. The trial court sustained the objection as to the first part of the statement and instructed the jury to disregard, but denied appellant's motion for mistrial. The following then occurred:

> The first thing that I would like to say, though, is that I am convinced beyond any doubt whatsoever that the Defendant is guilty exactly as he's charged in this case, and since [defense counsel] wanted to tell you that he didn't think so—
>
> [Defense Counsel]: Your Honor—
>
> [Prosecutor]: I want to tell you that I am convinced that he is.

Appellant objected to the argument as the personal opinion of the prosecutor. The trial court sustained the objection and instructed the jury to disregard the statement but again denied a motion for mistrial.

■ Proper areas for jury argument are: (1) summation of the evidence; (2) reasonable inferences from the evidence; (3) response to argument of opposing counsel; and (4) pleas for law enforcement. *Darden v. State,* 629 S.W.2d 46 (Tex.Cr. App.1982); *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980). Although the comments of the prosecutor were improper, no reversal is required. Before an improper jury argument will constitute reversible er-

ror it must be: (1) manifestly improper, harmful and prejudicial; (2) violative of a statute; or (3) inject new and harmful facts into the case. *Williams v. State,* 607 S.W.2d 577, 581 (Tex.Cr.App.1980); *DeBolt v. State,* 604 S.W.2d 164, 169 (Tex.Cr.App. 1980). Usually, any harm resulting from an improper jury argument by the prosecutor is obviated when the objection is sustained and the jury is instructed to disregard the argument. *Carter v. State,* 614 S.W.2d 821 (Tex.Cr.App.1981). In this case, the first argument complained of was not so prejudicial that its harmful effect, if any, could not be removed by the court's instruction to disregard. The argument injecting the personal opinion of the prosecutor, while improper, *Villalobos v. State,* 568 S.W.2d 134 (Tex.Cr.App.1978), was also cured because the trial court sustained the objection and instructed the jury to disregard the statement. *Fowler v. State,* 500 S.W.2d 643 (Tex.Cr.App.1973); *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr.App.1967). Furthermore, there was nothing in the argument, taken in context, to convey the impression to the jurors that the prosecutor had a basis for his conclusion in addition to the evidence they had before them. *See Elizondo v. State,* 545 S.W.2d 453 (Tex.Cr.App.1976).

■ Appellant's next ground of error complains of the trial court's action in overruling his objection to another portion of the prosecutor's jury argument. The prosecutor, in summarizing the testimony that appellant worked in the neighborhood and that the complainant saw him pass by as she walked up the porch to her house, argued "that he saw her go in that particular house [the] very day" of the offense. This was a reasonable deduction from the evidence in the record and therefore, the trial court did not err in overruling appellant's objection.

■ In his last ground of error appellant contends that the trial court erred in admitting into evidence a penitentiary packet. He argues that Tex.Rev.Civ.Stat. Ann. art. 3731a (Vernon Supp.1982–1983) was not complied with in that the self-prov-

ing, exemplified copies of the conviction were not on file with the trial court three days prior to trial.[1] Therefore, appellant contends he was unduly surprised. He also maintains that the documentation needed a sponsoring witness.

 Section 3 of article 3731a reads: Such writing shall be admissible only if the party offering it has delivered a copy thereof ... to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copy.

The enhancement paragraph of the indictment put appellant on notice that the State would seek to prove a prior conviction and gave him notice of which prior conviction would be used. The record reflects that appellant's counsel was given the opportunity to see the penitentiary packet before the punishment phase began and he was successful in having hearsay portions of the documents excised before the packet was admitted before the jury. We hold that appellant was not unduly surprised.

We also hold that the documentation did not need a sponsoring witness. The proper attestation and certificate were attached to the judgment and sentence relating to appellant's prior conviction. Section 4 of article 3731a provides a method by which contents of records, admissible under section 1, may be introduced into evidence without the court attendance of a legal custodian, which would otherwise be required in order to lay the testimonial predicate for admission. *Todd,* 598 S.W.2d at 292; *Spencer v. State,* 164 Tex.Cr. 464, 300 S.W.2d 950 (1957). We overrule all of appellant's contentions.

The State contends that the judgment and sentence are erroneous in that they reflect that appellant was indicted for and convicted of a second degree felony rather than a first degree felony. The indictment set forth all the elements necessary to charge appellant with aggravated kidnapping pursuant to section 20.-04(a) of the Texas Penal Code. Under section 20.04(b) the offense is a first degree felony unless mitigating factors are shown. No mitigating circumstances were alleged, and the State is not required to negate any mitigating factors in its pleadings. *Smith v. State,* 541 S.W.2d 831 (Tex.Cr.App.1976), cert. denied 430 U.S. 937, 97 S.Ct. 1565, 51 L.Ed.2d 783 (1977). All the evidence presented at trial showed a first degree felony was committed, as there was no evidence of mitigating circumstances which would permit conviction as a second degree felony. In the charge, the court instructed the jury as to penalty ranges for a first degree felony [2] and for a first degree felony enhanced.[3] Where the court has the necessary data and evidence before it for reformation, a judgment may be reformed on appeal. *Brewer v. State,* 572 S.W.2d 719 (Tex.Cr.App.1978). In this case, the indictment alleged an offense which under the provisions of the statute is a first degree felony. The evidence supported a conviction for such charge. Therefore, we reform the judgment and sentence of the trial court to reflect that appellant was indicted for and convicted of aggravated kidnapping, a first degree felony. As reformed, the conviction is affirmed.

---

**1.** Appellant also states in this ground of error that he objected, at trial, to this evidence on the ground that the underlying indictment was fundamentally defective. He does not elaborate on this statement, refer to the record, or cite any authority. Therefore, nothing is presented for review, Tex.Code Crim.Proc.Ann. art. 40.-09(a) (Vernon Supp.1982–1983); *Brown v. State,* 605 S.W.2d 572, 577 (Tex.Cr.App.1980); *Bridges v. State,* 624 S.W.2d 718, 719 (Tex.App.

—Houston [14th Dist.] 1981, pet. ref'd), and we confine our review to whether the evidence was properly admitted under art. 3731a.

**2.** Tex.Penal Code Ann. § 12.32 (Vernon Supp. 1982–1983).

**3.** Tex.Penal Code Ann. § 12.42(c) (Vernon 1974).