`
TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00273-CR







Lee Roy McMullin, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0923875, HONORABLE LARRY FULLER, JUDGE PRESIDING








PER CURIAM



 A jury found appellant guilty of indecency with a child by contact. Act of May 29,
1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws 3474 (Tex. Penal Code Ann. §
21.11, since amended). The jury assessed punishment, enhanced by a previous felony conviction,
at imprisonment for forty-five years.

 Appellant first complains that the prosecutor improperly referred to a matter not
in evidence during her argument at the guilt stage. In response to defense counsel's attack on the
credibility of the complainant's mother, the prosecutor asked the jurors to "look at the one
[witness] who doesn't have motive, [the complainant]. That child gave the same story. She got
on videotape and told it to one person." In fact, the videotape was not in evidence. Appellant's
objection to the prosecutor's remark was sustained and the jury was instructed to "disregard the
videotape." Appellant requested no further relief. No error is presented because appellant failed
to obtain an adverse ruling and because the argument was not so prejudicial as to be incurable by
the instruction to disregard. See Harris v. State, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989). 
Point of error one is overruled.

 Next, appellant contends the district court erred by refusing to grant his motion for
mistrial after the State knowingly violated an order in limine. By this order, the State and its
witnesses were admonished not to refer to appellant's criminal record without first advising the
defense and securing a court ruling that the testimony was admissible. 

 The alleged violation occurred during defense counsel's cross-examination of the
complainant's mother. The witness acknowledged writing a letter to appellant, admitted in
evidence as defense exhibit 4, in which the witness stated she was "full of hate" for appellant and
vowed to "take away" appellant's job and freedom. The letter also said that copies of "the
following page" were being sent to various persons. This second page was not attached to the
exhibit and it appears that neither defense counsel nor the prosecutors had ever seen it. Counsel
questioned the witness about the missing page as follows:


Q. Ma'am, using No. 4 to refresh your recollection or if you have an
independent recollection, did you also generate a separate document that
you were mailing to his employer?


A. I believe I generated one copy of a -- I believe it was like a paragraph
stating that he had lied on his employment application to get his job. And
that was why I was going to send it to his employer, to try to get him fired.


Q. What were you going to send to his girlfriend's parents?


A. I believe a copy -- I never made any other copies of the statement. It was
strictly a threat. It was something along the lines that he had spent three
years in prison, that he had lied on his --


Q. Just a moment. You just spent several minutes during the break speaking
to the State, didn't you, ma'am.


A. No, I did not. I spent a couple of moments.


Q. Are you telling the jury under oath that while we broke and while the jury
was out that you did not speak to either of these ladies?


A. I spoke to them momentarily.


Q. Did they suggest to you that you interjected [sic] at your first opportunity
that this man had been to prison?


A. No, sir.


Q. Didn't they tell you to the contrary, that you were not to speak on that
unless and until the Judge ruled on that?


A. No, sir.


Q. They never cautioned you against mentioning that, ma'am?


A. I don't believe they cautioned me specifically about bringing that up, no,
sir.


Q. Ever?


A. They mentioned something about the possibility --



At this point, the court interrupted and ordered the jury removed from the courtroom. In the
discussion that followed, the prosecutors acknowledged that the witness had described to them the
accusations she made against appellant in her letter and that they knew she might mention his
conviction if she were questioned further about the letter. The district court cautioned the
prosecutors to avoid any further violations of the order in limine but overruled appellant's mistrial
motion. When the jury returned, it was admonished by the court to disregard "the last answer
made."

 The violation of a motion in limine may entitle a party to relief, but any remedies
available with regard to such a violation lie with the trial court. For error to be preserved on
appeal with regard to the erroneous admission of evidence, the complaining party must object at
the earliest opportunity. Lewis v. State, 627 S.W.2d 492, 494 (Tex. App.--Houston [1st Dist.]
1981, no pet.); see Tex. R. App. P. 52(a) (contemporaneous objection rule). Assuming the State
violated the court's order in limine, the harm to appellant did not lie in the violation itself but in
the witness's reference to his previous conviction. Appellant's objection to the witness's remark
and motion for mistrial were not timely. On this record, no reversible error is presented. Point
of error two is overruled.

 Finally, appellant contends the district court erred by overruling his motion for new
trial based on a violation of the witness rule. Tex. R. Crim. Evid. 613. The alleged violation
occurred during the complainant's testimony. The complainant, who was seven years old, was
reluctant to testify. At the State's request, the court granted a recess "to see if you can talk to the
witness, but I don't think it's a refreshing thing that, the position she has taken so far is maybe
she doesn't want to, is my impression." After the recess, and with some hesitation, the
complainant described the acts of alleged abuse. In essence, it was appellant's contention that the
complainant was coached during this recess to give testimony favorable to the State. (1)

 At the hearing on appellant's motion for new trial, Deidre Darrouzet, an attorney
who assisted defense counsel at trial, testified that she saw the complainant in the hallway outside
the courtroom talking to a person she did not recognize. Darrouzet heard this person say, "No,
we need to talk about the doll, you need to show me on the doll." Darrouzet assumed the
reference was to an anatomically correct doll, but acknowledged that she did not see such a doll. 
Appellant testified at the hearing that he saw the complainant talking to her grandmother and
another person he "assumed was a DHS worker." The last witness at the hearing was Jo Lynn
Curry, the victim services counselor for the child abuse section of the district attorney's office. 
Curry testified that she spoke to the complainant during the break in her testimony for the purpose
of "helping her to feel relaxed and not be scared." Curry added, "I told her she needed to tell the
truth, that this was a good time to tell the truth, whatever that was." Curry denied telling the
complainant what to say. Curry also heard the complainant's grandmother tell the child "it was
just the time to tell what happened."

 A motion for new trial in the interest of justice for a reason not enumerated in rule
30 or article 40.001 is committed to the discretion of the trial court. State v. Evans, 843 S.W.2d
576, 578-79 (Tex. Crim. App. 1992); Tex. R. App. P. 30(b); Tex. Code Crim. Proc. Ann. art.
40.001 (West Supp. 1995). The testimony adduced at the new trial hearing does not compel the
conclusion that the complaining witness was coached, pressured, or otherwise told what to say
during the recess. If there was a technical violation of the witness rule, there is no evidence that
it was prejudicial to appellant. The district court has not been shown to have abused its discretion
by overruling appellant's motion for new trial. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Justices Kidd and B. A. Smith

Affirmed

Filed: June 21, 1995

Do Not Publish
1. In his motion for new trial, appellant alleged that "while the victim was testifying, and
during a court-ordered break in the victim's testimony, Counsel for the State, in violation of the
rules, turned the victim over to other agents of the State and the victim's grandmother for the
purpose of forcing the child to testify for the State's position."